SHOOP, Appellant, v. SHOOP, Respondent.

(237 N. W. 904.)

(File No. 6896. Opinion filed September 21, 1931.)

A. C. *Miller,* of Kennebec, for Appellant.

M. Q. *Sharpe* and *Lloyd Bridgman,* both of Kennebec, for Respondent.

RUDOLPH, J.   This is an appeal from an order modifying a decree of divorce.   The original divorce action was brought by the appellant, Amanda E. Shoop, against the respondent, Howard Wilbur Shoop.   The divorce was granted upon the proof of willful desertion.   While the divorce action was pending, an instrument entitled "Settlement Agreement" was entered into by the parties, which agreement was as follows:

"It is hereby stipulated by and between the above named plaintiff and defendant that the property matters and claims for alimony, suit money and costs involved in the above entitled action are settled as follows: Subject to the approval of the Court.

"1. The defendant herein agrees to pay to the plaintiff herein in cash on the 21st day of each month, beginning January 21, 1927, the sum of $25.00 per month, which shall be in full for all claims for alimony existing between the parties and the Order of the Court approving the settlement agreement shall be of the same effect as entering an order for payment of permanent alimony as provided in this paragraph.

"2. The plaintiff is to have the sole title and possession of the real estate described as Lots 13, 14, & 15 of Block 2 of the Village of Vivian, in Lyman County, South Dakota, and defendant herewith executes and delivers to the plaintiff a warranty deed conveying said title to her. The defendant as a part of this agreement is to pay the last one-half of the 1925 taxes and all prior taxes upon the above described real estate, but the 1926 taxes and subsequent taxes are to be paid by the plaintiff.

"3. It is agreed that the real estate described as All of Section 20, Township 104 North, range 79, W. 5th P. M., in Lyman County, South Dakota, shall be and remain as security for the performance of the payment of alimony as hereinbefore agreed upon by the parties excepting that in case of a sale of the same it is agreed that the defendant may make such sale as he desires to make provided that the sum of $3000.00 in actual cash is paid to the plaintiff at the time of making such sale and such payment when so made is to be in full settlement of all alimony and alimony payments under this agreement are to then cease. The defendant is unable to encumber or transfer the said real estate without the consent of the plaintiff, but the quit claim deed of the plaintiff thereto shall be deemed a complete release of the said real estate from this agreement.

"4. All other real estate owned by the defendant at this time shall be fully and completely released from all lien, force and effect of the marriage relationship existing between the parties and from any claims of the plaintiff thereon whatsoever and the plaintiff is to release the Injunctional Order of the Court heretofore entered against a portion of said real estate preventing encumbrance or the conveyance thereof by the defendant.

"5. Plaintiff is to surrender and cancel and return to the defendant as fully paid, a certain promissory note heretofore ex-

ecuted and delivered by the defendant to the plaintiff in the approximate sum of $786.00 as a part of the consideration for the mutual promises and covenants of this agreement.

"6. All other property, real or personal which either party may own or possess in her or his individual name or estate at this time is to belong to the party now having said property in his or her individual name or estate, free and clear of any right, interest or title of the other party and each party hereby agrees to execute and deliver to the other party at any time, good and sufficient deed to convey or release any interest in any property which either of the contracting parties may have in the property of the other, excepting however, the real estate described as All of Section 20, Township 104 North, Range 79, W. 5th P. M., and Lot 13, 14 & 15, Block 2 of the Village of Vivian, South Dakota, and excepting also the household furniture, furnishings, equipment and supplies now located upon and in the real estate described in paragraph two and all of said equipment, furniurte and supplies are to belong absolutely to the party Amanda E. Shoop as her own individual property, free and clear of any claim of Howard Wilbur Shoop.

"7. This instrument is intended to be a full and complete settlement of all property rights, of all claims for suit money, alimony and support existing between the parties at this time and each party is to pay their own expenses and attorneys fees with the exception of the amount heretofore advanced by Howard Wilbur Shoop which is not to be changed."

The trial court on January 10, 1927, entered a decree of divorce, the material parts of which are as follows:

"And it appearing to this Court that the parties to this action have heretofore on this 10th day of January, 1927, made a complete settlement of their property rights and claims for alimony and having heretofore entered its findings, Now, therefore, on Motion of Miller & Lund, Attorneys for the Plaintiff:

"It is ordered, adjudged and decreed, that the bonds of matrimony heretofore existing between the plaintiff, Amanda E. Shoop, and the defendant, Howard Wilbur Shoop, be hereby dissolved and they each be granted an absolute divorce from the other.

"It is further ordered, adjudged and decreed, that the de-

fendant be required to pay to the plaintiff, the sum of $25.00 per month in the form of alimony, such alimony to be payable on the 21st day of each month subsequent to the entering of this Order, but this Decree of monthly alimony shall not be nor have the effect of a judgment lien upon any real estate owned by the defendant or to which he may hereafter acquire title, excepting All of Section 20, Township 104, North, Range 79, W. 5th P. M., Lyman County, South Dakota, and provided further however, that the plaintiff shall at all times have the right to proceed in any action at law against any property of the defendant for enforcement of this alimony decree.

"It is further ordered, adjudged and decreed, that the property settlement date January 10, 1927, and herein entered and filed, and marked Exhibit "A" is in all respects confirmed and approved by the Court as a property, alimony and suit money settlement between the parties upon the issues involved in this action.

"Dated this 10th day of January, 1927.

"By the Court:

"John G. Bartine, Judge."

The defendant paid the $25 per month required of him to be paid by said decree, until the month October, 1927. On September 24, 1927, Amanda E. Shoop, the plaintiff, was remarried to a man of some considerable means, after which remarriage of the plaintiff, the defendant obtained from the trial court an order to show cause why he should not be relieved from all liability to pay the alimony awarded by the decree of divorce, which had accrued since the date of the plaintiff's marriage, and to discharge him from all further liability to make any further payments of alimony to the plaintiff. After a hearing upon the order to show cause the trial court entered its order decreeing that the defendant pay to the plaintiff the sum of $325, which amount was the alimony payments accruing from November, 1927, to November, 1928, inclusive, and it further ordered: "That the decree of divorce made by this court in the above entitled action and dated January 10, 1927, be and the same is hereby modified to the effect that the defendant herein is hereby relieved and discharged from any and all liability to make any payments of alimony to the plaintiff, accruing subsequent to December 8, 1928, and that all payments of

alimony provided by said divorce decree of this Court under date of Jan. 10, 1927, accruing subsequent to December 8, 1928, are hereby canceled." It was further ordered that the real estate described in the decree of divorce above referred to, be released from any claim on said real estate as security for any alimony accruing subsequent to December 8, 1928. It is from this order modifying the decree of divorce that the plaintiff has appealed.

Section 165, Rev. Code 1919, provides as follows: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." Under the provisions of this section the court may compel a husband, where a divorce is granted because of his offense, to make a suitable allowance to the wife for her support during her life and "the court may from time to time modify its order" in this respect.

The appellant contends, first, that the payment of "$25.00 per month in the form of alimony" provided in the decree of divorce does not come within the meaning of an allowance to the wife for her support provided for in said section 165. With this contention we are unable to agree. In this state, strictly speaking, there is no such thing as permanent alimony, but it is "allowance" or "permanent allowance" for maintenance. Warne v. Warne, 36 S. D. 573, 156 N. W. 60. The term "alimony," however, has a general and accepted meaning, which brings it entirely within the meaning of the term "allowance" as used in section 165. The term "alimony" has been defined as "an allowance which a husband or a former husband may be forced to pay to his wife or former wife, living legally separate from him, for her maintenance." Davis v. Davis, 61 Okl. 275, 161 P. 190. "Alimony is an allowance which a husband, by order of the matrimonial court having due jurisdiction, must pay to his wife living separate from him for her maintenance." Kutchai v. Kutchai, 233 Mich. 569, 207 N. W. 818, 820. "Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled to pay to his wife for her maintenance. when she is

living apart from him, or has been divorced." Durham v. Durham, 104 Ohio St. 7, 135 N. E. 280. "'Alimony' is an allowance made to a wife out of her husband's estate or income for her support upon her divorce or legal separation from him, or during a suit therefor." Tayian v. Tayian, 64 Cal. App. 632, 222 P. 377. We find nothing in the decree to indicate that the term alimony was used in any other than its ordinary and accepted meaning. In the case of Phy v. Phy, 116 Or. 31, 236 P. 751, 240 P. 237, 239, 42 A. L. R. 588, a case which was in many respects similar to the case we are now considering, the Oregon court said:

"In the case at bar, the lower court based its decree awarding alimony wholly upon a stipulation made in writing, and the record of that writing is before us. The case is heard here anew upon the identical writing that was before the court below. The words of that writing, in this court as in that court, are to be given their ordinary meaning. From the language thereof, we deduce that the word 'alimony' was used in its ordinary sense.

"'Alimony is the allowance which the husband is compelled to pay for his wife's maintenance while she is living apart from him, or after she has been divorced. * * * The law will recognize her right of support and maintenance and will make provision for her out of his income or estate. It is founded upon the marital obli-gation to support and maintain, and is awarded by the court in enforcement of his obligatoin and duty.' Keezer, Marriage & Divorce (2d Ed.) § 660."

We believe that the $25 monthly payment provided in the decree was an allowance for the wife's support within the meaning of section 165, Rev. Code 1919. The decree, respecting this $25 payment, was therefore, under the last clause of section 165, subject to modification of the court, unless the facts in this case are such as to except this portion of the decree from the clause of the statute authorizing the modification.

■■ The appellant contends that the decree wherein it provides for the $25 monthly payment is based upon the "Settlement Agreement" and that a modification of the decree would amount to a modification of a contract between the parties without their consent. What effect, if any, a modification of this decree will have upon the contract of the parties, is not now before this court.

The order which is appealed from modified the decree only, and the question involved is the power of the court to so modify the decree. The appellant further contends that the court has no power, even under the statute, to modify a judgment providing for an allowance for the support of the wife, where the judgment is based upon the contract of the parties. The question presented by the contention of the appellant has been before the courts in many jurisdictions. In 58 A. L. R., commencing on page 639, there is an annotation headed "Power of court to modify decree for support, alimony, or the like, based on agreement of the parties." In this annotation the general rule is announced as follows: "It appears to be the general rule that, where the court has the general power to modify a decree for alimony or support, the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties to the action." From a consideration of the cases we believe the reasons underlying the general rule announced above should govern our decision in this case.

It is now generally recognized that agreements of the kind entered into by the parties here, are not void if they do not facilitate the obtaining of a decree of divorce. 13 C. J. 464. However, the court in the first instance is not controlled by the contract or agreement between the parties, and may adopt or reject it as seems consistent and proper. The decree for allowance for support, under our statute, does not rest upon the agreement, but the agreement may be considered the same as other evidence in aiding the court to determine the proper allowance to be made. The allowance finally determined and fixed in the decree is the result of judicial investigation, and not the result of an agreement between the parties. It is no doubt true that the agreement of the parties concerning support is in the majority of cases adopted by the court, but this does not alter or change the legal principle upon which the decree is based. Under our statute the court has jurisdiction to make this allowance for support, and to modify the allowance from time to time. To hold that because the court in the first instance had fixed the amount as agreed upon by the parties, the decree was, therefore, not subject to modification, would deprive the court of a considerable part of this jurisdiction especially provided for by statute.

The appellant relies to a great extent on the case of Henderson v. Henderson, 37 Or. 141, 60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741. This case was carefully considered by the New Hampshire court in the case of Wallace v. Wallace, 74 N. H. 256, 67 A. 580, 582, 13 Ann. Cas. 293, wherein that court stated as follows:

"As under the statute any order respecting alimony may be re-examined and revised, the court has no power to except from the operation of the statute an order decreeing alimony in accordance with the agreement of the parties. * * * The only case that has been found reaching a contrary conclusion under circumstances sufficiently identical to be of value in the present case is Henderson v. Henderson, 37 Or. 141, 60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741. The court in this case refuses to follow the opposite holding in Blake v. Blake, 75 Wis. 339, 43 N. W. 144; Id., 68 Wis. 303, 32 N. W. 48, upon the ground, it is said, of the strong tendency of adjudication elsewhere; but no cases are cited directly in point. The opinion concedes that the incorporation of the agreement in the decree involves 'the approval of the court of its validity in good morals and as conformable to public policy, * * * and of its fairness and equability of adjustment,' but apparently loses sight of the fact that the decision of these questions considered to be involved in the decree constitutes judicial action, the revision of which cannot logically be excluded from the operation of a statute which authorizes the revision of any such action as to alimony.

"It may be conceded that a judgment or decree rendered by agreement cannot be set aside or modified without the consent of the parties except for fraud, when the agreement does not require judicial sanction to give it validity. Beliveau v. Amoskeag Mfg. Co., 68 N. H. 225, 229, 40 A. 734, 44 L. R. A. 167, 73 Am. St. Rep. 577. The principle does not apply, because a decree for alimony rests, not on the agreement, but on the decision of the judicial questions raised by the presentation of the agreement. Although the decree may be based on the agreement, it so based only in the sense that a decree may be founded on the testimony of the libelant or other evidence. There can be no decree for alimony by agreement without the intervention of the court. The agreement is evidence submitted for the consideration of the court.

The judgment is evidence, not of the agreement, but of the conclusion of the court upon all the evidence. A judgment rendered by agreement cannot be set aside without the consent of the parties, except for causes which would authorize the abrogation of the agreement, because the court cannot alter agreements which the parties have made or make new agreements for them. If such a judgment were set aside, the agreement remaining in full force, the only result would be the affirming of the original judgment. Even under the statute, the court has no power to revise or modify the agreement made as to alimony which the parties have made. The only question opened is whether the decree should follow the agreement. The statute authorizes the modification, if justice requires, of the former decision on this point. The only question now here is whether the decree can be revised. Whether it should be is a question not yet reached."

In this connection it may also be pointed out that the more recent Oregon case of Phy v. Phy, supra, adhered to the general rule that a decree providing for alimony may be subsequently modified by the court, even though the decree was based upon a stipulation of the parties, and it distinguished the case of Henderson v. Henderson, supra, by placing the decision in that case upon the fact that the agreement and the decree actually provided a property settlement as distinguished from one for the payment of alimony.

The appellant further contends that the evidence and equities are insufficient to support a modification of the decree, but in this connection we need only call attention to the fact that the plaintiff was remarried. In the case of Narregang v. Narregang, 31 S. D. 459, 139 N. W. 341, this court held that the court did not abuse its discretion in denying defendant's petition to modify a decree of divorce after remarriage of the plaintiff, but in that case it was pointed out that the alimony or allowance for support was in the first instance allowed as a gross sum, and that thereafter extensions of time were given for the payment of part of the amount due; it was therefore held that, under the facts as presented in that case, it was not an abuse of discretion on the part of the trial court to refuse to modify the decree.

In this case the allowance for support was not awarded in the form of a gross sum, but was in the form of monthly payments.

The plaintiff was remarried to a man able to support her. Certainly we cannot say that it is an abuse of discretion on the part of the trial court to hold that the plaintiff, being remarried to a man able to support her, who, under our law, is obligated to support her, must therefore look to him for her future support and not to the husband whom she discarded some years ago.

The order appealed from is affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.