Agnes A. KARIM, Plaintiff and Respondent,

v.

M. Reza-Ul KARIM, Defendant and Appellant.

No. 12604.

Supreme Court of South Dakota.

Argued Jan. 28, 1980.

Decided March 26, 1980.

Jauane Bleau of East River Legal Services, Vermillion, for plaintiff and respondent.

Daniel R. Fritz of Maloney, Kolker, Fritz, Hogan & Johnson, Aberdeen, for defendant and appellant.

DUNN, Justice.

Defendant appeals from a judgment denying his petition for modification of an original divorce decree regarding child custody and child support payments. We reverse and remand.

Plaintiff was granted a divorce and awarded custody of the couple's two minor daughters on September 28, 1976. Defendant was ordered to make monthly child support payments and was allowed visitation privileges. In July of 1977, defendant filed a petition for modification of the divorce decree, alleging a substantial and material change in circumstances since the original decree. He alleged that there had been a complete disregard of his child visitation privileges, that there was a constant change of residences by plaintiff and the children, that the children were now attending public rather than parochial schools, that the children's fine art studies were inhibited by their current home environment, and that there was a general ability on his part to provide a better environment for the children. Plaintiff responded with an affidavit alleging that the defendant was not dependable during his child visitation periods, i. e., that he would often leave the children in the care of another, that he degraded the lifestyle of plaintiff and her present husband in the presence of the chil-

dren, and that he harassed her by contacting her employers and the employers of her husband. Finally, she alleged that defendant had improved his financial status and asked for an increase in child support payments.

At trial, defendant admitted that his annual income had increased $250 since the divorce decree. He alleged that plaintiff's present husband had twice disciplined the children by using a belt and had assaulted him on one occasion. Plaintiff denied these allegations.

On its own motion, the court ordered that the plaintiff and the children be psychologically evaluated by the Northeastern Mental Health Center and interviewed by Mr. David Rave, the Social Services Supervisor. Mr. Rave also interviewed defendant. In addition, a Court Services officer interviewed the children at defendant's home during a visitation period. Subsequently, the trial court furnished defendant with copies of the psychological evaluations of the children, but it refused to furnish a copy of plaintiff's psychological report. In a letter dated March 13, 1978, defendant requested permission to interrogate Dr. Hedges, the author of plaintiff's psychological evaluation, and Mr. Rave, the author of the Social Services report, with regard to their evaluations. In a letter dated March 15, 1978, which is included in the record, the court refused to furnish copies of the reports and refused to allow cross-examination of the authors.

The trial court, *inter alia*, ordered that the children were to remain in plaintiff's custody, directed that the child support payments by defendant be increased by 20% of any gross salary increases received by him, and substantially reduced the child visitation privileges of defendant. This appeal followed.

■ Initially, we find that the trial court erred in not allowing defendant access to plaintiff's psychological evaluation and the Social Services report. It is apparent from the record that the trial court relied upon these reports in making its findings, but the reports themselves were not made part of

the record. In *Christensen v. Christensen*, 85 S.D. 653, 656, 190 N.W.2d 62, 63 (1971), we stated that "if an independent investigation is to be admitted in evidence the requirements of due process must be complied with," citing Annotation, 35 A.L.R.2d 629, 632. Further, we approved the principle that due process allows parties to test these investigative reports through cross-examination. By not permitting defendant to cross-examine the authors of the reports, the lower court denied him due process. It is impossible for us to consider this as harmless error inasmuch as the reports were not included in the record and were therefore not reviewable by the court.

■ There is nothing in the record to indicate that defendant stipulated to use of the reports by the court or that he waived his right to cross-examination by consenting to the investigations. *Oltmanns v. Oltmanns*, 265 Minn. 377, 121 N.W.2d 779 (1963); *Thompson v. Thompson*, 238 Minn. 41, 55 N.W.2d 329 (1952). Furthermore, plaintiff's contention that the letters between the trial court and defendant's counsel concerning refusal to produce the reports and denial of cross-examination do not provide sufficient basis to address the issue on appeal is unfounded. In a similar case, the matter was considered reviewable based upon letters between the court and counsel. *Oltmanns v. Oltmanns*, supra.

Plaintiff's contention that production of reports and cross-examination of the authors applies only when a decision has been made to actually change the existing custody arrangement is similarly unfounded. Her argument would require a trial court to reach a conclusion on the custody issue before hearing cross-examination, thus making such questioning a meaningless exercise.

■ We further find that the court's order directing that "[t]he support payments should be increased, effective July 7, 1978, at the rate of twenty per cent (20%) of any gross salary increase paid to defendant" was improper. The single criterion of the defendant's earnings ignores the myriad

of possible changes aside from a party's increased earnings that are relevant to the issue of quantum of child support. An absolute rule such as this is improperly based upon speculation. *Christoffersen v. Christoffersen*, 151 Neb. 763, 39 N.W.2d 535 (1949); *Picker v. Vollenhover*, 206 Or. 45, 290 P.2d 789 (1955); *Stanaway v. Stanaway*, 70 Mich.App. 294, 245 N.W.2d 723 (1976); 24 Am.Jur.2d 953. We do find, however, that an increase of $50 per year (20% of the $250 increase in defendant's earnings) is justified by the evidence in this instance because there was also testimony of increased need and of the inflation factor since the original decree.

Additionally, we find no basis upon which to justify reduction of the original child visitation privileges allotted to defendant. Most of the allegations of plaintiff against defendant were never substantiated and those that were proved would not justify reducing defendant's visitation rights. We order that the original visitation arrangement be reinstated pending the outcome of this matter on remand.

Likewise, we find no basis in the present record to justify a change of custody. Defendant had the burden of proof as to the changes in circumstances alleged in his petition. At trial, all of his allegations were either refuted or adequately explained by plaintiff; therefore, defendant has not met his burden of proof.

The matter is remanded for the sole purpose of permitting defendant access to the disputed reports and to cross-examine the authors. The trial court will then determine whether defendant had met his burden of proof as to the changes in circumstances alleged in his petition for change of custody.

All the Justices concur.