**Collette Weber FORESTER, Plaintiff and Appellant,**

v.

**Clifford B. WEBER, Defendant and Appellee.**

No. 12731.

Supreme Court of South Dakota.

Submitted on Briefs April 22, 1980.

Decided Oct. 29, 1980.

Gary E. Davis of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Paul Mueller, Chamberlain, for defendant and appellee.

PER CURIAM.

Plaintiff, Collette Weber Forester, appeals from an order directing her to pay defendant, Clifford Weber, $813.62. We affirm.

Plaintiff and defendant signed a property settlement drafted by plaintiff's attorney providing that:

[T]he parties ... have also accumulated approximately $4,000.00 in other bank loans, credit union loans and debts. The parties do hereby agree to forthwith place said home and lots up for sale, and upon the sale of the same, to take the proceeds and use them first of all to pay off any mortgage upon the home and then to pay for the debts accumulated by the parties ....

The language of the settlement agreement was incorporated into the divorce decree:

It is further ordered that the home of the parties shall forthwith be put up for sale and upon the sale of the same, the proceeds thereof should first be used to pay off the mortgage on the home and then to pay the debts accumulated by the parties during the time they lived together in the approximate amount of $4,000.00. The balance of any such proceeds shall be divided equally between the parties.

During a meeting with plaintiff and her attorney, defendant gave the $4,000 figure as an estimate of the accumulated debts. Plaintiff's lawyer assured defendant that $4,000 was not a binding figure. Later it was discovered that the marital debts totaled $5,813.34.

Plaintiff argues that the $4,000 approximation contained in the property settlement and divorce decree is a limitation on the amount of debt she agreed to pay one-half of.

When interpreting a property settlement agreement incorporated into a divorce decree, we apply contract principles. *Johnson v. Johnson*, 291 N.W.2d 776 (S.D. 1980). "The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties." *Johnson v. Johnson*, supra, at 778, quoting from *Huffman v. Shevlin*, 76 S.D. 84, 89, 72 N.W.2d 852, 855 (1955). Ambiguities arising in a contract should be interpreted and construed against the scrivener. *City of Sioux Falls v. Henry Carlson Co.*, 258 N.W.2d 676 (S.D.1977).

In this case the proceeds from the sale of the family home were to be applied against all outstanding marital debts; the $4,000 figure was intended only as an approximation of those accumulated debts. Plaintiff is accordingly bound to share equally in the payment of the total amount of the marital debts.

The order appealed from is affirmed.

MORGAN, J., deeming himself disqualified, did not participate.