**In the Matter of the ADOPTION OF Gregory James ZIMMER and Jeffrey Lee Zimmer.**

No. 13059.

Supreme Court of South Dakota.

Argued Oct. 22, 1980.

Decided Dec. 10, 1980.

Wilson M. Kleibacker, Jr., Lammers, Lammers, Kleibacker & Casey, Madison, for appellant James Paul Zimmer.

Michael E. Unke, Salem, for appellees Gerald H. and LaVonne C. Schmeichel.

HENDERSON, Justice.

## PARTIES

The two children involved in this appeal are Gregory James Zimmer, born September 30, 1966, and Jeffrey Lee Zimmer, born October 25, 1971. The children's natural father is James Paul Zimmer (appellant) who was married to LaVonne Carol Schmeichel (appellee) from November 1965 to July 1974. This marriage was terminated by divorce. In August of 1977, Gerald Henry Schmeichel (appellee) married appellee LaVonne Carol Schmeichel. The Zimmer children remained in custody of LaVonne Carol Schmeichel and lived with her and Gerald Henry Schmeichel. Hereinafter, the parties will be referred to as follows:

James Paul Zimmer: Appellant

LaVonne Carol Schmeichel: Appellee–LaVonne

Gerald Henry Schmeichel: Appellee–Gerald

LaVonne and Gerald Schmeichel: Appellees

Gregory James Zimmer and Jeffrey Lee Zimmer: Zimmer children

## ACTION

Appellant appeals from the trial court's order of January 10, 1980, granting appellee Gerald's petition for adoption of the Zimmer children. On appeal, appellant contends, among other things, that the trial court erred in considering the court–ordered report submitted by the South Dakota Department of Social Services prior to determining whether appellant had abandoned the Zimmer children. We agree, reverse and remand.

## FACTS

On July 8, 1974, appellant and appellee–LaVonne were divorced whereby appellant was ordered to pay $25 per month per child in child support to appellee–Lavonne, who retained custody of the Zimmer children. Subsequent to the divorce, appellant lived in Montrose, South Dakota, and appellee–LaVonne lived in Salem, South Dakota, with the Zimmer children. The towns of Salem and Montrose are approximately ten miles apart. At trial, appellee–LaVonne testified that appellant had made no child support payments to her since 1974. However, in response to being asked at trial how many child support payments he had made since 1976, appellant stated: "I gave them about five, six, hundred dollars." Appellant testified that he had given the Zimmer children cash gifts for Christmas and birthdays throughout 1975 and 1976. Appellant also testified that he had paid appellee–LaVonne and/or the Zimmer children approximately $440 during 1974 and 1975. Appellant testified that he thought he had given the Zimmer children around $100 in checks in 1977. On October 21, 1978, appellant mailed a check for $50, along with a birthday card, to one of the Zimmer children (Gregory). Appellant subsequently stopped payment on this check when he learned that the Zimmer child had never received it. In November of 1978, appellant gave Lois Kinsted $10 to give to the Zimmer children. This was done. Lois Kinsted was a school teacher of the Zimmer children. As of November 1978, appellant was behind in his child support payments.

Appellant spoke to the Zimmer children on Thanksgiving of 1978 when he happened to meet them on the streets of Montrose. In June of 1978, the Zimmer children visited with appellant for approximately 20 minutes at his home in Montrose. The Zimmer children were in Montrose visiting their paternal grandmother at the time. When asked how many other times he had seen the Zimmer children in the last year, appellant replied: "About four, five times." These visitations occurred in either Salem or Montrose when appellant and the Zimmer children happened to run into each other. The testimony at trial indicates that appellant and appellee–LaVonne do not get along well together, making it difficult for appellant to visit the Zimmer children at their home.

Appellant's income during the years 1975 through 1978 was below $3,000 per annum, except in 1977 when it was approximately $3,650. Appellant works as a self–employed auto–mechanic. His assets are extremely limited. Since his marriage to appellee–LaVonne in August of 1977, appellee–Gerald has provided for the necessary support and care of the Zimmer children.

## PROCEDURAL FACTS

On March 6, 1979, appellees filed a petition praying that appellee–Gerald be allowed to adopt the Zimmer children. This petition also asserted that appellant had abandoned the Zimmer children for more than one year. . On April 4, 1979, appellant filed a notice of intent to contest appellees' petition for adoption. In conjunction with this notice of intent, appellant filed an affidavit stating that he had no intention of abandoning the Zimmer children, as evidenced by his contacts with them during the previous years.

On March 30, 1979, the trial court ordered an investigation by the South Dakota Department of Social Services regarding the requested adoption of the Zimmer children. This report was ordered under the mandate of SDCL 25–6–10. On May 4, 1979, a report was filed with the trial court. The report recommended that appellee–Gerald's petition for adoption be granted. Appellant's counsel was not provided with a copy of the report nor was he formally notified of its existence. The report was never introduced into evidence. On June 4, 1979, a hearing was held on appellees' petition. Appellant and appellees were present at the hearing and were represented by counsel. It was stipulated to by all counsel that the Zimmer children, who were also represented by separate counsel, need not be present. As a result of this hearing, the trial court issued a judgment and order dated January

10, 1980, granting appellees' petition for adoption.

## ISSUE

Did the trial court err in considering the report submitted by the South Dakota Department of Social Services prior to deciding whether appellant had abandoned the Zimmer children? We hold that it did.

## DECISION

■ Appellant contends that the report in question should not have been considered by the trial court until it was initially determined whether or not appellant had abandoned the Zimmer children. The question of abandonment stems from SDCL 25--6--4, which states in pertinent part:

A child cannot be adopted without the consent of the parents, if living, provided that in the following cases consent shall not be necessary:

 . . . . .

(2) From any parent who has abandoned his or her child for the period of one year.

Appellant did not consent to appellees' petition for adoption and refuted appellees' assertions that he had abandoned the Zimmer children.

The report was ordered by the trial court under authority of SDCL 25-6-10, which states:

Whenever a person who is not married, or a husband and wife jointly, or a stepfather or stepmother, petition the circuit court for leave to adopt a minor child, the judge of the circuit court shall fix a time for hearing not less than ten days from the filing of such petition and shall direct a probation officer or other officer of the court or an agent of the office of community services or some other discreet and competent person to make a careful and thorough investigation of the matter and report his findings in writing to the court.

In its order for adoption the trial court stated that, based upon its examination of the report, the Zimmer children were suitable for adoption by appellees and that appellant had abandoned the children in the year preceding this action. In the trial court's Finding of Fact VI, it is stated:

That as a result of said investigation it was determined that the children were suitable for adoption by said petitioner . . . and that it would be in the best interest of the children to become the children of petitioner by adoption.

Appellant maintains that the report, which recommends that appellees' adoption of the Zimmer children would be in the children's best interest, prejudiced the trial court into finding that he had abandoned the children. The report does include statements not established by the testimony at the hearing. For example, the report states appellant has "an alcohol problem." No evidence or testimony of such a problem was presented at the hearing. Also, the report concludes that appellant "has never paid any child support." This statement appears incorrect as indicated by the numerous cancelled checks made payable to appellee LaVonne and the Zimmer children produced by appellant at the hearing. Furthermore, the report was never entered into evidence, nor was its author present at the hearing for purposes of cross--examination by appellant. In *Karim v. Karim*, 290 N.W.2d 479 (S.D.1980), we held that the trial court erred in not allowing the defendant access to the plaintiff's psychological evaluation and social services report.

It is apparent from the record that the trial court relied upon these reports in making its findings, but the reports themselves were not made part of the record. In *Christensen v. Christensen*, 85 S.D. 653, 656, 190 N.W.2d 62, 63 (1971), we stated that "if an independent investigation is to be admitted in evidence the requirement of due process must be complied with," citing Annotation, 35 A.L. R.2d 629, 632. Further, we approved the principle that due process allows parties to test these investigative reports through cross examination. By not permitting the defendant to cross--examine

the authors of the reports, the lower court denied him due process. It is impossible for us to consider this as harmless error inasmuch as the reports were not included in the record and were therefore not reviewable by the court. Id. at 481. *Karim* involved an appeal from a judgment regarding a denial of a petition requesting modification of a divorce decree relating to child custody and support.

 Upon review of the applicable statutes, we agree with appellant that the trial court erred in considering the report prior to the determination of whether appellant had abandoned the Zimmer children. Under the facts of this case, SDCL 25-6-4 and SDCL 25-6-10 require that two separate considerations and evidentiary proceedings be afforded to the parties involved. As provided in SDCL 25-6-4, the initial determination is whether the natural parent has abandoned the child. Then, if it is determined that such an abandonment has occurred, the trial court is to consider the best interests of the child in deciding whether or not to grant the adoption petition. It is during this second consideration and evidentiary proceeding when the trial court is to consider the report required under SDCL 25-6-10. Here, the trial court merged these two considerations and evidentiary proceedings and, as a consequence, considered the report *prior* to determining the issue of abandonment. The issues of (1) abandonment and (2) the best interests of the children must be bifurcated. The trial court's procedural merger was not only detrimental to appellant's position, but was also inconsistent with the aforementioned statutes.

The order of the trial court granting appellees' petition for adoption is reversed. The case is accordingly remanded for a determination at the trial court level of appellant's alleged abandonment of the Zimmer children in accord with this opinion, same to be heard by a trial judge designated by the presiding judge of the Fourth Circuit.

DUNN, MORGAN and FOSHEIM, JJ., concur.

WOLLMAN, C. J., concurs specially.

WOLLMAN, Chief Justice (concurring specially).

I agree that the trial court should not have considered the report prepared pursuant to SDCL 25-6-10 until after the court had made a determination on the issue of abandonment. I would go further, however, and hold that on the basis of the record before us there is no clear and convincing evidence that appellant had abandoned his children for a period of one year. My views on the quantum of proof necessary to support such a finding are set forth in my dissent in *In re Adoption of Christofferson*, 89 S.D. 287, 292, 232 N.W.2d 832, 835 (1975).

I would reverse and remand with directions to dismiss the proceedings.