Maureen J. FLYNN, Plaintiff
and Appellee,

v.

Richard D. FLYNN, Defendant
and Appellant.

Nos. 13766, 13767.

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1983.

Decided Sept. 21, 1983.

Richard O. Gregerson of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellant.

Gene E. Pruitt of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellee.

HOYT, Circuit Judge

This is an appeal as to the amount of attorney fees awarded to appellee, Maureen J. Flynn, for services rendered by Gene E. Pruitt, Attorney at Law, pursuant to an agreement entered into by the parties, subsequently incorporated in the parties' divorce decree, whereby appellant, Richard D.

Flynn, agreed to pay for legal services rendered by Mr. Pruitt on behalf of appellee. According to the agreement, the amount for services was to be set by the court. Appellee's attorney submitted a bill for the court's consideration in the amount of $15,-000. An award of $5,000 was subsequently made. Appellant claims this award to be excessive. We agree, and, therefore, reverse and remand.

The parties, Richard D. and Maureen J. Flynn (hereinafter referred to as appellant and appellee respectively), entered into a stipulated agreement as to all pertinent issues, including appellee's attorney fees. Paragraph XII of the agreement provides as follows:

> The fees of GENE E. PRUITT, as and for his services as attorney for the Plaintiff [appellee] rendered in this cause, shall be paid by the Defendant [appellant]. It is understood and agreed by the parties that the amount of said fees shall be determined by the Court.

■ As a preliminary matter, we hold the trial court to be in error in determining the above-cited provision to be ambiguous on its face, thereby admitting parol evidence to decipher the intent of the parties. This court has repeatedly held that parol evidence should not be admitted where the meaning of a contractual provision is patently clear. *North River Ins. Co. v. Golden Rule Const.*, 296 N.W.2d 910 (S.D.1980), citing *Delzer Const. Co. v. South Dakota State Bd. of Transp.*, 275 N.W.2d 352 (S.D.1979). The plain import of the provision concerning attorney fees, contained in Paragraph XII of the parties' agreement, is that the parties acknowledged their lack of an agreement as to appropriate attorney fees. They, therefore, deferred the determination of an appropriate amount of such award to the sound discretion of the court.

The only issue which the court should have addressed concerns the reasonableness of appellee's attorney fees. Appellee's request for $15,000 in such fees was based

upon Mr. Pruitt's 40-plus years of experience in divorce practice, time spent in litigation, fees customarily charged in the locality for similar services, and results achieved.

■ The trial court is correct in its assertion that an allowance for good results obtained by the wife's attorney is not an appropriate consideration in arriving at reasonable attorney fees in a divorce action in which such fees are assessed against the husband.* If this were not so, there would be a tendency to label the wife as the "big winner" and further penalize the husband for being the "big loser," *Valparaiso Bank & Trust Co. v. Sims*, 343 So.2d 967 (Fla.App. 1977). This is not the intended purpose of awarding attorney fees in divorce litigation.

■ The trial court, in the instant case, accurately expounded the proper factors to be considered in awarding attorney fees. These factors are "the amount and value of the property involved, the time and labor involved, the skill required to draw the pleadings and try the case, the discovery procedures utilized, the existence of complicated legal problems, and whether written briefs were required." *Jones v. Jones*, 334 N.W.2d 492, 494–95 (S.D.1983).

In applying the above factors, the trial court made the following specific findings of fact. The litigation, in the instant case, was neither intricate nor important except to the parties involved; no special skill was utilized in drafting the pleadings or trying the cause (although considerable experience and skill was utilized in the negotiation process); the discovery procedures were informal; there existed no complicated legal problems; 12 to 15 hours were spent in preparatory work and 10 to 15 minutes were spent in litigating the default action; and $100 per hour is a reasonable fee in the Sioux Falls, South Dakota area for an attorney with the degree of skill and experience demonstrated by appellee's counsel.

---

* *Stanton v. Saks*, 311 N.W.2d 584 (S.D.1981), must be distinguished from the instant case in that *Stanton* involved an agreement whereby the husband agreed to apply a specified amount to his own attorney for services rendered in his own behalf.

Employing the above specific findings, the trial court entered an award of $5,000. We have repeatedly held that any allowance for attorney fees, and the amount thereof, rests in the sound discretion of the trial court, and that this court will not disturb such allowance unless there appears to be error in the exercise of such discretion. *Jones v. Jones, supra.* In the instant case, we detect such error and hold the amount awarded to be excessive under the circumstances. The instant case is a relatively uncomplicated, routine divorce proceeding. The only factor of any real significance is the time spent in preparation of the case and in its litigation. We, therefore, reverse the award granted and remand to the trial court with instructions to enter an award consistent with its own findings of fact.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

HOYT, Circuit Judge sitting for FOSHEIM, C.J., disqualified.