**Rene D. BRUNICK, Plaintiff and Appellant,**

**v.**

**Douglas W. BRUNICK, Defendant and Appellee.**

**No. 15351.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 20, 1986.

Decided May 6, 1987.

Craig A. Kennedy of Doyle and Kennedy, Yankton, for plaintiff and appellant; Robert Nelson, Legal Intern of Doyle and Kennedy, Yankton, on brief.

John P. Blackburn, Yankton, for defendant and appellee; Daniel L. Fox, Legal Intern, Yankton, on brief.

PER CURIAM.

Rene D. Brunick (wife) appeals from an order in favor of Douglas W. Brunick (husband) which reduced child support for their son John from at least $200 per month to $50 per month. We reverse and remand for redetermination of child support.

## FACTS

Husband and wife were divorced on June 24, 1983, after twelve years of marriage. The decree of divorce incorporated by reference the parties' "Property Settlement and Child Custody Agreement." Under this agreement wife received custody of their two sons, Chad, then twelve years old, and John, then one year old. Husband agreed to pay $400 per month child support until Chad attained the age of majority or graduated from high school. Then, the monthly child support would be reduced to $300.

In December 1983 wife and the children moved to Colorado. In March 1984, because of financial difficulties and erratic support payments, wife, with husband's agreement, returned both boys to their father until she could establish a financial basis sufficient to support them. Chad continues to reside with husband. John returned to his mother in July 1985.

In December 1985, wife filed an affidavit in support of an order to show cause why husband should not be held in contempt. She claimed she had not received any child support payments since March 1984. Her weekly gross pay was approximately $157.50 while her expenses averaged $748 per month. Her only property is an automobile that she received as a part of the property division.

Husband testified that his gross salary is $18,000 per year. His take home pay is $860 every four weeks. His monthly expenses hover around $1,000. He remarried a hairstylist who has a three-year-old daughter. She earned approximately $9,000 during the last year. He and his new wife split household expenses evenly. He claims that he now has two more dependents.

At the show cause hearing husband moved to modify the original amount of child support. Husband asked that wife support John and that he support Chad. Husband claimed he would provide some support for John when Chad reached age eighteen and his obligation to support Chad was relieved. Wife argued that John was entitled to support from both parents and that husband clearly had the ability to provide support. If modification of child support was granted she asked for the $300 provided for in the original decree.

In the "Order Modifying Child Support Payments" the trial court awarded wife

1) $200 child support arrearages from the date of the decree of divorce (June 24, 1983) until March 1984,

2) $300 child support arrearage from July 1985 to December 1985, and

3) commencing January 1, 1986, $50 per month child support for John.

## WIFE'S CLAIM

Wife argues that the trial court abused its discretion when it reduced husband's child support obligation to $50 per month.

## REASONABLE CHILD SUPPORT

■ Child support should be a reasonable amount "suitable to the children's circumstances and situation in life and the father's financial means and ability to pay." *Wallahan v. Wallahan,* 284 N.W.2d 21, 27 (S.D.1979). A parent's responsibility to support a child is paramount; other debts are secondary. *Park v. Park,* 309 N.W.2d 827 (S.D.1981). This includes obligations resulting from remarriage. *See Jameson v. Jameson,* 90 S.D. 179, 239 N.W.2d 5 (1976); *Hrdlicka v. Hrdlicka,* 310 N.W.2d 160 (S.D.1981).

A trial court has continuing jurisdiction in a divorce action to modify the judgment concerning support and maintenance of the children. SDCL 25–4–45. *Blare v. Blare,* 302 N.W.2d 787 (S.D.1981). Child support payments can be adjusted even though they were originally based upon a stipulation when the trial court in its discretion determines that conditions have changed. *Jameson v. Jameson,* 306 N.W.2d 240 (S.D.1981).*

We conclude that the trial court abused its discretion by reducing the level of child support by seventy-five percent. Certainly the return of Chad to his father is a relevant factor for the trial court's consideration. It must, however, be balanced against John's needs, and husband and wife's financial ability to meet those needs. *See Hrdlicka, supra; Gross v. Gross,* 355 N.W.2d 4 (S.D.1984); *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981). Here, husband's gross income is more than double that of wife. His remarriage has provided him with distinct financial benefits. His new spouse is employed earning an amount in excess of that earned by wife. Because of this income, his living expenses are reduced since they evenly divide household expenses. Husband has a far greater financial ability to meet John's needs than does wife. He clearly has the financial capacity and means to pay an amount substantially in excess of $50 per month. Indeed, an examination of the record provides little evidence to support a reduction of child support to an amount less than $200 per month.

Wife has requested attorney fees in her brief. Because she has not filed a separate motion and a verified, itemized statement of costs incurred or services rendered her request is denied. *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D.1985).

Reversed and remanded.

All the Justices concur.

---

* In addition, see the child support schedule and guidelines and the factors allowing deviation from the schedule in amended SDCL 25–7–7, effective July 1, 1986. "All orders for support entered and in effect prior to July 1, 1986, may be modified in accordance with the guidelines without requiring a showing of a change in circumstances from the entry of the order." SDCL 25–7–7.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.