Judy Rae McGEE, Plaintiff
and Appellant,

v.

Keith Lynn McGEE, Defendant
and Appellee.

No. 15460.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1987.

Decided Nov. 18, 1987.

Patricia A. Meyers of May, Adam, Gerdes & Thompson, Pierre, for plaintiff and appellant.

Charles Poches, Jr. of Poches & Lee, Fort Pierre, for defendant and appellee.

WUEST, Chief Justice.

In this divorce action the trial court's original decree of divorce granted the former wife (Judy) custody of the children and required the former husband (Keith) to pay child support. Judy appeals from an order that modified the original decree by awarding Keith custody of the two children and terminating his support obligation. We affirm.

## FACTS

The parties' first settlement agreement, which gave Judy custody of their children and required Keith to pay child support, was incorporated into a divorce decree entered in 1980. The property settlement, alimony and support provisions of this decree were vacated by the circuit court in August 1981 pursuant to SDCL 15–6–60(b). The order vacating the original decree made no determination of custody or child support.

In October 1981 the parties finally executed a second property settlement agreement. This agreement, among other things, continued custody of the two chil-

dren in Judy and required Keith to pay $225 per child per month in child support. The terms of the agreement required Keith to pay child support "irrespective of visitation, or change of custody, or location of the children ..." This second agreement was incorporated into an order entered by the circuit court on April 23, 1982.

Actual physical custody of the children changed in March 1986 when Judy left them with Keith after a dispute about their care. In June 1986 Keith made a motion to have the court formally award custody of the children to him, to eliminate his child support payments, and to determine what child support Judy should be required to pay. After a hearing, the trial court entered an order awarding custody of the children to Keith and terminating his support obligation. The court concluded that joint custody was inappropriate because of the inability of the parties to communicate. Judy was not required to provide any child support although the trial court's order required her to provide the children with meals when they visited her. She was simply granted "liberal visitation." Judy appeals from this order.

Since Keith has had custody of the children, the frequency of their visitations with their mother has been left entirely to the children. Occasionally, they stayed overnight with their mother. The testimony of the parties conflicted over how often the children visited their mother and how often she fed them. Judy claimed that the children visited her daily. Although she testified that she fed them evening meals, her testimony is not entirely clear about whether she fed them on every visit. She claimed that because Keith and his present wife worked such late hours at their business, the children either had to eat after 8:00 p.m. or fix their own meals in Keith's home. Without any elaboration Keith simply testified that the children's evening meals were eaten "at my place."

Excluding the costs for the children's meals, Judy had annual expenses of approximately $9,600; her annual income was approximately $6,000. None of her claimed expenses appeared unreasonable or unnecessary. She claimed her limited income made it a hardship for her to meet her own expenses and also feed the children when they visited her.

Keith made no claim that he was unable to provide any limited support for the purpose of feeding the children evening meals at Judy's home. He made all of his previous child support payments until custody changed.

## JUDY'S CLAIM

The only issue raised by Judy is that the trial court abused its discretion in terminating Keith's child support because there was no change in circumstances and because the parties' agreement specifically provided that he would continue to pay support even if custody of the children changed. Judy does not contest the custody award.

## 1. MODIFICATION OF CHILD SUPPORT

We have held that trial courts clearly have "continuing jurisdiction in a divorce action to modify the judgment concerning the support and maintenance of the children." *Jameson v. Jameson,* 306 N.W.2d 240, 242 (S.D.1981), citing SDCL 25–4–45; see also *Hood v. Hood,* 335 N.W.2d 349 (S.D.1983). The parties' agreement cannot deprive the courts of their power to modify support obligations. In discussing the effect of a settlement agreement regarding alimony this court said:

> [T]he court in the first instance is not controlled by the contract or agreement between the parties, and may adopt or reject it as seems consistent and proper. The decree for allowance for support, under our statute, does not rest upon the agreement, but the agreement may be considered the same as other evidence in aiding the court to determine the proper allowance to be made.
>
> The allowance finally determined and fixed in the decree is the result of judicial investigation, and not the result of an agreement between the parties. It is no doubt true that the agreement of the parties concerning support is in the majority of cases adopted by the court, but

this does not alter or change the legal principle upon which the decree is based. Under our statute the court has jurisdiction to make this allowance for support, and to modify the allowance from time to time. To hold that because the court in the first instance had fixed the amount as agreed upon by the parties, the decree was, therefore, not subject to modification, would deprive the court of a considerable part of this jurisdiction especially provided for by statute.

*Shoop v. Shoop*, 58 S.D. 593, 600, 237 N.W. 904, 907 (1931). This view of the effect of a settlement agreement on the court's power to determine and modify alimony is equally applicable to the child support provisions, which are modifiable under SDCL 25-4-45. To allow the agreement of the parties to be enforced like other contracts and permit it to determine the support provided to the children would ignore the needs of the children.[1] See J. Oldham, *Divorce, Separation and the Distribution of Property*, § 4.11 (1987). Therefore, the trial court retained the power to modify child support even though the agreement attempted to limit this power.

## 2. CHANGE OF CIRCUMSTANCES

■ Judy further argues that the trial court abused its discretion in determining that conditions had changed because, she claims, the agreement clearly contemplated that a change in custody would not be one of the circumstances affecting Keith's child support obligation. We have said, however, "[C]hild support payments can be adjusted, even though they were originally based upon a stipulation, [cites omitted] when the trial court in its discretion determines that conditions have changed...." *Jameson, supra.* Just as the parties' agreement could not prevent the trial court from modifying child support, the agreement could not deprive the court of the power to determine whether circumstances

had changed as a basis for modifying the support obligation. In this case, modification of Keith's support obligation was warranted by the change in custody from Judy to Keith, despite the parties agreement. *Brunick v. Brunick*, 405 N.W.2d 633 (S.D. 1987). The trial court did not abuse its discretion in determining that circumstances had changed.

## 3. TERMINATION OF KEITH'S CHILD SUPPORT OBLIGATION

■ Having determined that the trial court had the power to modify Keith's child support obligation, we must finally decide whether the court abused its discretion in completely eliminating his support obligation when he was awarded custody. Even though Judy had limited resources and a hardship may have been imposed on her to provide meals to the children when they visited her, the trial court did not abuse its discretion by terminating Keith's support obligation. This court will not disturb a trial court's award of child support unless there has been an abuse of discretion. *Straub v. Straub*, 381 N.W.2d 260 (S.D.1986); *Hoy v. Hoy*, 391 N.W.2d 685 (S.D.1986). The trial court's order is affirmed.

Judy's request for attorney's fees on appeal is denied.

MORGAN, J., concurs.

HENDERSON, J., concurs specially.

SABERS, J., concurs in part and dissents in part.

MILLER, J., disqualified.

HENDERSON, Justice (specially concurring).

I specially concur. Appellant has filed a Notice of Appeal from a judgment consisting of findings of fact and conclusions of law pertaining to "refusing to grant certain requested relief." *Inter alia*, a request

---

1. It is true that some contract principles may apply to settlement agreements entered into in the course of divorce proceedings. *See Forester v. Weber*, 298 N.W.2d 96 (S.D.1980) (contract principles are applied to interpret property settlement agreements incorporated into divorce

decree); *Flynn v. Flynn*, 338 N.W.2d 295 (S.D. 1983) (agreement for determination of attorney's fees in divorce was not ambiguous and parol evidence should not have been admitted). *See generally, Oldham, supra*, ch. 4.

was made, as I read this case, for modification of child custody to provide for joint custody.

Concerning the child custody matter, the trial court apparently was taken with the evidence which demonstrated that the mother/appellant had voluntarily surrendered custody of these children to the father. Mother was experiencing difficulty with controlling the son, Travis, and by her own lips, cannot manage the girl, Molly. When it was dark, the children were literally dumped off upon the father and clothes were thrown out on a parking lot. Screaming, the little girl told her father that her mommy had kicked her out. Appellant also told the father/appellee "You got them, they are in your custody from now on." The record suggests that the mother had made some threats on the children's lives and certain documents were prepared at the State's Attorney's Office whereby she was incarcerated overnight.

Under all of these circumstances, Circuit Judge James W. Anderson entered findings of fact and conclusions of law which denied joint custody sought by the mother. We should not seek the reason to reverse here. But, rather, affirm the custody decision. It was in the best interests of the children. Though I dissented in the decision in *Kolb v. Kolb*, 324 N.W.2d 279 (S.D.1982), it would appear that said case is proper precedent herein. This judge made an in-depth inquiry focusing directly on the best interests of the children. The original divorce hearing did not try the case on the evidence.

As regards the scope of review, the best interests of the child would then evolve into an overview by this Court as to whether the trial court abused its discretion. In my opinion, it did not under the few facts which I have mentioned above. *Hood v. Hood*, 335 N.W.2d 349 (S.D.1983).

This takes us to the second aspect of this case which is simply this: Can a mother, who voluntarily surrenders two children to the father, thus becoming a non-custodial parent, receive child support because she,

occasionally, feeds the children a few evening meals? Obviously, she wants to keep in contact with them and maintain some type of relationship. This is good. But to award her child support, as a non-custodial parent, would absolutely implant uncertainty, confusion, if not furor, into the law of domestic relations concerning child support.* Surely, the trial courts of this state have the power to modify child support obligations. SDCL 25–4–45. Upon the trial court's shifting custody of these children, via court order, from mother to the father, the purpose of payment of child support is simply not there; it is terminated. I agree that the request for attorney's fees on appeal should be denied, as they are not warranted under these circumstances and Judy was not the prevailing party.

SABERS, Justice (concurring in part and dissenting in part).

I concur in all respects except as to the complete termination of Keith's child support obligation. In this case, the custodial parent should provide the children with meals when they visit the noncustodial parent.

All the parties in this case, including the children, appear to be comfortable with the freedom the children have been given in determining the frequency and nature of their visitations with their mother. Because Judy is financially unable to provide meals for the children when they visit, the children may be discouraged from visiting her and she may be discouraged from having them visit. To preserve the opportunities for visitation between the children and their mother, the trial court should have set some reasonable amount of monthly support sufficient to allow her to provide meals during the visits. The record indicates that Keith has the ability to pay, that Judy does not, and that Keith's payment of some support would be in the best interests of all the parties, including the children. The amount of support set by the trial court for the purpose of providing meals should take into consideration the chil-

---

* "Child support *typically* consists of cash payments *from the noncustodial parent to the custo-*

*dial parent."* 2 J. Atkinson, *Modern Child Custody Practice,* § 10.05 (1986) (emphasis added).

dren's needs and the financial ability of their parents to meet those needs. *Brunick v. Brunick*, 405 N.W.2d 633 (S.D.1987).

The term "abuse of discretion" refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence. [citation omitted] The amount of child support depends upon the reasonable needs of the child, i.e., the reasonable expenditures suitable to the child's circumstances at the time of the divorce and the payor's financial situation, i.e., ability to pay. *Barrett [v. Barrett*, 308 N.W.2d 884 (S.D.1981) ] ...; *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979).

*Gross v. Gross*, 355 N.W.2d 4, 7 (S.D.1984).

"The most important factor which should be employed by trial courts in setting a child support obligation is the needs of the children.... The needs of the children must then be apportioned between the parties based upon each parent's ability to pay."

*Hood v. Hood*, 335 N.W.2d 349, 351 (S.D. 1983).

Therefore, I would affirm except for a remand to further determine reasonable monthly support amounts to be paid by Keith for these meals.