## FRITZ T. OLTMANNS v. MARCIA Z. OLTMANNS.

121 N. W. (2d) 779.

May 17, 1963—No. 38,377.

*Joseph Robbie,* for appellant.
*Albert E. Ranum,* for respondent.

OTIS, JUSTICE.

This is an appeal from a judgment granting the plaintiff husband a divorce from defendant on the grounds of cruel and inhuman treatment[1] and awarding him custody of the minor children.

The parties were married August 23, 1953, when they were respectively 18 and 17 years of age, and have been separated since December 10, 1959. There are four children the issue of their marriage, their present ages being approximately 9, 8, 6, and 5 years.

■ We have examined the assignments of error and find none merits extended discussion except the question of custody.

It is apparent that both parties are intellectually and emotionally immature, and unequal to making the financial and social adjustments necessary in assuming family responsibility. Although both have been guilty of conduct subversive of the marriage relationship, we hold the evidence supports a finding that the husband is entitled to the divorce.

■ At the initial hearing, held December 21, 1959, the court awarded temporary custody of the children to the father. A subsequent motion to vacate that order was denied on March 28, 1960. A trial on the merits was begun June 13, 1960, but rather than continue with the hearing on June 22, 1960, the parties stipulated to what the testimony would be if the witnesses were called.

Thereafter, on June 28, 1960, the court wrote to counsel for the wife, stating:

"The above entitled matter has been taken under advisement. We have requested the Washington County Welfare Board to make an investigation of the respective homes of the parties and as soon as a report is received we will dispose of the matter."

Counsel also received a letter from the Washington County Welfare Board, dated September 19, 1960, advising him that the custody in-

---

[1]Minn. St. 518.06(3).

vestigation had been initiated. In response, under date of October 25, 1960, he wrote the following letter to the welfare board:

"Please inform me when you expect to make your report concerning the custody of the children of Mr. and Mrs. Fritz Oltmanns, Jr., to Judge Gustafson.

"I appreciate that these custody evaluations consume a lot of time. I would like to ascertain when the report may be expected in order to properly represent my client."

Approximately 3 weeks later, the court in a letter dated November 14, 1960, wrote to counsel for the husband, stating, among other things:

"* * * At the time [June 22, 1960], we took the matter under advisement and referred the question of the custody of the children of the parties to the Washington County Welfare Agency for an investigation and report to the Court. We are now in receipt of such a report with the recommendation that custody of said children be awarded to the plaintiff-father subject to supervision of the Washington County Welfare Department."

In concluding, the court asked counsel to prepare appropriate findings awarding the father custody of the children until further order of the court, subject to the supervision of the welfare department. Counsel for the wife promptly wrote the court the following letter on November 18:

"The defendant would like the opportunity to examine the report of the Washington County Welfare Department in reference to child custody in the above entitled action.

"If it is agreeable to the Court, we would also like to have the opportunity to examine the plaintiff's proposed findings of fact and conclusions of law prior to the time they are signed by the Court."

On the same date the court entered findings drafted in the manner he had requested in his letter to plaintiff's counsel. Without granting the request made by the wife's counsel, the court permitted judgment to be entered on November 22, 1960.

Under the rules governing custody investigations which we have heretofore adopted, we hold that it was error to permit the entry of

judgment without affording counsel an opportunity to examine the report so that he might "properly represent" his client as he expressly wished to do.

We stated in Thompson v. Thompson, 238 Minn. 41, 47, 55 N. W. (2d) 329, 332:

"We believe that the rule should be, where there has been no waiver of the right, that an order amending a divorce decree so as to change the custody of children should be based upon a hearing in which witnesses may be cross-examined and in which a record is made which effectively may be reviewed on appeal. *If, in the trial of an action for divorce, the fitness of a parent to have custody of minor children is in issue, no one would contend that such parent could be deprived of the right to cross-examine the witnesses upon whose testimony the court was to base its findings.* It is difficult to see why a parent should be deprived of the same right, where the same question is at issue, on a motion to change the custody after the entry of the original divorce decree.

"* * * Where rights as vital as the right to a hearing in which a record can be made that may be reviewed on appeal and the right to cross-examine witnesses, upon whose statements a finding of fitness to have custody of minor children is to be based, are to be waived, it should be done by written stipulation; or it should clearly be made to appear from the record." (Italics supplied.)

While language in Gumphrey v. Gumphrey, 262 Minn. 515, 115 N. W. (2d) 353, may appear to relax the rules we laid down in the Thompson case, the record shows the Gumphrey investigation was conducted by stipulation of the parties prior to trial, and the report was received in evidence without objection. In the Gumphrey case counsel was given every opportunity to introduce evidence to explain or rebut the facts contained in the report.

In the instant case it is clear that counsel consented to a custody investigation by the welfare department, but insisted upon exercising his right to examine the report with a view presumably to taking whatever steps seemed indicated to amplify, impeach, or rebut its contents. This right he was denied.

It is the general rule, from which no court appears to have deviated,

that without abdicating its responsibility or delegating it to others, the trial court may utilize a custody investigation report prepared by trained and experienced social workers if the parties so stipulate in an appropriate manner, and are given an opportunity to know the contents and introduce additional evidence with respect to it.[2] No case has been called to our attention permitting the use of such a report over the objection of the parties, absent a statute expressly authorizing it.[3] Without exception the courts have held that to proceed otherwise would be a denial of due process and do violence to the time-honored practice of requiring that parties be confronted by witnesses who are under oath and subject to cross-examination.[4]

We do not deem it necessary in according the parties a new trial to require that testimony already adduced be again introduced into evidence. In remanding the matter on the issue of custody only, both parties will be given an opportunity to offer evidence with respect to the material contained in the custody report and may, in addition, show any change in their condition since the entry of the decree.

Appellant is allowed $250 attorney's fees.

Remanded.

MR. JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2]Fewel v. Fewel, 23 Cal. (2d) 431, 435, 144 P. (2d) 592, 594; Kesseler v. Kesseler, 10 N. Y. (2d) 445, 454, 225 N. Y. S. (2d) 1, 7, 180 N.E. (2d) 402, 406; Rea v. Rea, 195 Ore. 252, 245 P. (2d) 884, 35 A. L. R. (2d) 612.

[3]McGuire v. McGuire (Fla. App.) 140 So. (2d) 354, 356; Bowler v. Bowler, 351 Mich. 398, 405, 88 N. W. (2d) 505, 508; Martinez v. Martinez, 49 N. Mex. 405, 409, 165 P. (2d) 125, 128.

[4]Commonwealth ex rel. Balick v. Balick, 172 Pa. Super. 196, 92 A. (2d) 703; Commonwealth ex rel. Mathis v. Cooper, 188 Pa. Super. 113, 146 A. (2d) 158; State ex rel. Van Loh v. Prosser, 78 S. D. 35, 43, 98 N. W. (2d) 329, 334; In re Dependency of Rosmis, 26 Ill. App. (2d) 226, 231, 167 N. E. (2d) 826, 828; Williams v. Williams, 8 Ill. App. (2d) 1, 7, 130 N. E. (2d) 291, 294; Shepard v. Gerholdt, 244 Iowa 1343, 1350, 60 N. W. (2d) 547, 551; Annotation, 35 A. L. R. (2d) 629; Comment, 24 U. of Chi. L. Rev. 349. But see, Austad v. Austad, 2 Utah (2d) 49, 59, 269 P. (2d) 284, 291, 48 A. L. R. (2d) 256.