JEROME D. EVANS v. KATHRYN A. EVANS,
NOW KATHRYN A. STIFF.

149 N. W. (2d) 383.

March 17, 1967—No. 40,258.

---

*Kenneth Meshbesher* and *Robins, Meshbesher & Kirschbaum,* for appellant.

*Paul G. Fisch,* for respondent.

PER CURIAM.

Appeal from a judgment of the district court and an order denying a motion to vacate and set it aside.

The problem before us involves the custody of a male child born January 13, 1963. The parents were divorced on August 25, 1965, by a judgment which reserved the question of custody and support of the child for determination pending completion of an investigation by the Anoka County Welfare Department. Custody was awarded to the father by an amended judgment entered January 4, 1966, and the mother's timely motion to vacate it was denied.

The determination of the trial court must be affirmed unless the order granting custody to the father, which is embodied in the judgment, is subject to attack because it is based upon reports made to the court by the Anoka County Welfare Department. The attorneys for the parties stipulated that such reports be received by the trial judge for consideration in determining the question of custody. And at an adjourned hearing on December 28, 1965, these proceedings are disclosed by the record:

"The Court: The Court ordered in July of this year, that the Anoka County Welfare Board conduct an investigation and report to this Court as to the proper person or persons to have custody of the child of the parties. That order was made pursuant to agreement of counsel, and the Court has * * * those reports before it, and the Court is now ready to hear any testimony with reference to custody in this matter.

"Mr. Amerman [the mother's attorney]: It is my understanding, your Honor, that the plaintiff does not intend to introduce any testimony, is that correct?

"Mr. Fisch [the father's attorney]: That is correct, unless the Court would like to ask anyone of the list of witnesses I have given to the clerk, if he would like to ascertain anything, I would be glad to call them for the Court.

"The Court: The Court is here ready to listen to any testimony on the part of either party."

Although it appears that the reports of the welfare board were available for examination by appellant's attorney at the time of these proceedings,

no request was made for an order permitting cross-examination of the author of the reports or any of the witnesses interviewed by him. No objection whatever was made to the use of the reports by the trial judge.

The case, therefore, is governed by our decision in Oltmanns v. Oltmanns, 265 Minn. 377, 381, 121 N. W. (2d) 779, 782, where we said:

"* * * [T]he trial court may utilize a custody investigation report prepared by trained and experienced social workers if the parties so stipulate in an appropriate manner, and are given an opportunity to know the contents and introduce additional evidence with respect to it."

We would not reverse the judgment because of an "extrajudicial" inquiry made by the trial judge concerning the rules governing the father's draft status.

While we are satisfied that the determinations of the trial court should be affirmed, we remand the matter for further proceedings because, having been informed at oral argument that the boy has been in the custody of the father for approximately one year, we believe the interests of this child will be best served by a current assessment of the factors relevant to his future custody. The case is remanded to the district court for further proceedings. See, State ex rel. Waslie v. Waslie, 274 Minn. 564, 143 N. W. (2d) 634.

Affirmed and remanded.