317 So.2d 865 (1975)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
John Arthur HERZOG and Marlene Herzog, Appellees.
No. 73-734.
District Court of Appeal of Florida, Second District.
August 20, 1975.
*866 Chester G. Senf and Eve Dunkerley Peck, Jacksonville, for appellant.
Robert E. Pyle, Lake Alfred, for appellees.
PER CURIAM.
This appeal arises out of an adoption proceeding in the court below.
A petition for adoption was filed below by appellees to adopt a minor child born out of wedlock. This petition was filed pursuant to Chapter 63, Florida Statutes 1971, which did not require notice to be given to the putative father. Attached to the petition for adoption was the written consent of the living mother of the child.
Appellant's Division of Family Services commenced the social investigation required by Fla. Stat. § 63.091 (1971). At this point, the trial court entered an injunction without notice enjoining appellant from inquiring into the identity of the natural father. Thereafter, appellant filed its report stating that it did not question the suitability of the petitioners as adoptive parents but advised the court that it felt the natural father of the illegitimate child would be denied due process of law if he were not given notice of the adoption proceedings and an opportunity to be heard. The court declined to change its order.
The appellees contend that appellant has no legal standing to raise this issue. However, Fla. Stat. § 63.091 (1971) specifies that the agency which files the written recommendations as to the desirability of the adoption shall be deemed a party to the cause. Under these circumstances, we cannot say that appellant was without standing to suggest that the failure to give a notice and hearing to the putative father might result in a subsequent attack on the validity of the adoption which would be detrimental to the welfare of the child.
Appellant's position was that the recent decision of the United States Supreme Court in Stanley v. Illinois, 1972, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551, required the natural father to be made a party to the proceedings. In Stanley, following the death of the mother of some illegitimate children, the State of Illinois instituted a dependency proceeding whereupon the children were declared wards of the state and placed with court-appointed guardians. Illinois law provided that children of unwed fathers became wards of the state upon the *867 death of the mother and did not provide for a notice or hearing to the father. The United States Supreme Court held that the unwed father was entitled to notice and hearing before his parental rights could be terminated.
Two weeks after the filing of the Stanley opinion, supra, the United States Supreme Court in Rothstein v. Lutheran Social Services of Wisconsin and Upper Michigan, 1972, 405 U.S. 1051, 92 S.Ct. 1488, 31 L.Ed.2d 786, reversed the Supreme Court of Wisconsin which had held that an unwed father was not denied his constitutional rights when he was not given notice of a hearing prior to the termination of his parental rights in an adoption proceeding. The court simply entered a memorandum order in which the case was reversed and remanded in light of Stanley.
Stanley involved a compelling situation where a putative father who had lived with his children and supported them for many years was deprived of their custody without notice or hearing and can be limited to its facts. Cf. Cheryl Lynn H. v. Superior Court for Cty. of Los Angeles, Cal. App. 1974, 41 Cal. App.3d 273, 115 Cal. Rptr. 849. However, the Rothstein adoption had taken place only one week after the child was born. According to the opinion of the Wisconsin Supreme Court upon remand, the putative father in Rothstein apparently denied that he was the father when the child's mother first became pregnant but later changed his mind prior to its birth and began to manifest an interest in the child. State ex rel. Lewis v. Lutheran Social Servs. of Wis., 1973, 59 Wis.2d 1, 207 N.W.2d 826.
The question before us is whether the court was within its right to enjoin appellant "from inquiring into the identity of the natural father or otherwise into the paternity of the subject child, save and except as to his physical condition and characteristics." The court recognized the Stanley decision by offering to modify its position if the Department had any evidence that the father had either contributed to the expense of the child's birth or its support or had manifested any other interest in the child.
Where the child has been living with the father or where the father has contributed to its support or given any other tangible indication of an interest in the child, the dictates of Stanley and Rothstein clearly require that he be given notice and hearing before his parental rights can be validly taken from him.[1] However, the U.S. Supreme Court has not held that every putative father is entitled to notice and hearing when his illegitimate child is put up for adoption, and we are not disposed to do so. Where there has been no evidence of any interest on the part of the father, we do not think it is incumbent upon the appellant to try to seek him out. Indeed, the consequences could be counterproductive. Far be it from preserving the interests of a putative father, the practical effect would be more likely to penalize him. It would be difficult enough when the process server came to the home of a married man to ask about his illegitimate child, but what could be expected if the mother was mistaken or was simply being spiteful. Perhaps more significant would be the fact that pursuing such a policy would make it extremely difficult to keep the identity of adoptive parents from the natural parents, and vice versa.
The ultimate determination of whether the adoption proceeding is being conducted according to law is upon the court and not the appellant. In the absence of a showing of some interest on the part of the father in his child, the court was within its authority to prohibit the appellant from trying *868 to ferret him out. See In re Guardianship of Donna P., 1974, 80 Misc.2d 129, 362 N.Y.S.2d 370.
Affirmed.
HOBSON, Acting C.J., GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Presumably, in any effort to bring our adoption laws in line with these decisions, our legislature has recently amended § 63.062(1), (b), (4-5) effective July 1, 1975, to require notice to a putative father if he has acknowledged and supported the child.