349 So.2d 774 (1977)
IN the INTEREST OF BABY BOY S., a Child.
Robert Merle STANFILL, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1882.
District Court of Appeal of Florida, Second District.
August 31, 1977.
*775 T.H. "Ted" Brousseau, Jr., Naples, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant, Robert Merle Stanfill, filed this timely appeal from an order permanently committing Baby Boy S. to Catholic Service Bureau, Inc., a licensed child-placement agency, for the purpose of adoption. For the reason hereinafter set forth, we reverse.
Appellant is the putative father of Baby Boy S. The child's natural mother and her husband, the child's legal father, surrendered the child at birth to Catholic Service Bureau for the purpose of adoption. The mother, legal father, and appellant agree that appellant is the natural father of Baby Boy S.
Catholic Service Bureau filed a petition in the Collier County circuit court alleging that Baby Boy S. was a dependent child within the meaning of Chapter 39, Florida Statutes (1975), and seeking the permanent commitment of the child to the bureau for the purpose of subsequent adoption. Appellant appeared at the hearing on the petition and sought custody of his son. At the conclusion of this hearing, the court deferred ruling on the petition for six months and ordered that appellant be given weekly visitation rights during the interim period.
A final hearing was held approximately six months later on November 11, 1976, at which testimony was taken from appellant and from witnesses on behalf of Catholic Service Bureau. A written report prepared by employees of Catholic Service Bureau assessing appellant's fitness as a parent was also filed with the court a few days prior to the November 11 hearing. Neither appellant nor his counsel was aware of the existence *776 of this report until after this appeal had been filed. On November 15, 1976, the court, "having in mind as its sole polestar, the best interest and ultimate welfare of the child," issued its order permanently committing Baby Boy S. to Catholic Service Bureau for the purpose of adoption.
Appellant's argument that the trial court had no authority to permanently commit the child to Catholic Service Bureau for adoption absent a finding that he, the putative father, is unfit, by reason of a condition or conduct seriously detrimental to the child's welfare, is without merit. A finding that it would be in the best interest of the child that he be permanently committed to a licensed child-placement agency, if supported by substantial, competent evidence, is all that is required. In re Baby Boy H., 281 So.2d 589 (Fla. 2d DCA 1973).
However, reversal is required for another reason. Appellant was entitled to an opportunity to review the report filed by Catholic Service Bureau and to introduce evidence in rebuttal. The failure of the trial court to apprise him of the existence of this document and of its contents, prior to the hearing, constituted a denial of fundamental due process. Kern v. Kern, 333 So.2d 17 (Fla. 1976); McGuire v. McGuire, 140 So.2d 354 (Fla. 2d DCA 1962). This court held in Department of Health & Rehabilitative Services v. Herzog, 317 So.2d 865 (Fla. 2d DCA 1975) that the dictates of Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) and Rothstein v. Lutheran Social Services of Wisconsin & Upper Michigan, 405 U.S. 1051, 92 S.Ct. 1488, 31 L.Ed.2d 786 (1972) require that where the natural father of a child has exhibited any affirmative indication of interest in the child he must be given notice and a hearing before his parental rights can be validly taken from him. Appellant, having shown an interest in his child, has standing to contest the adoption proceedings and is a proper party to these proceedings and, as such, is entitled to the same procedural due process as is a party to any other type of legal proceeding.
This case is therefore reversed and remanded for an adversary hearing at which the court shall receive evidence by or on behalf of appellant in rebuttal to any statements in Catholic Service Bureau's report. The evidence taken at this hearing need not be limited to rebuttal testimony, but may include any additional pertinent evidence which the trial court may deem helpful in deciding to whom custody of the child should be awarded.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB and OTT, JJ., concur.