SHARP, Judge.
The child’s mother appeals the trial court’s order adjudicating her child a “dependent” child within the meaning of chapter 39, Florida Statutes, and providing that she be placed in foster care under the supervision of the Florida Department of Health and Rehabilitative Services. The appellee, represented by counsel with HRS, also asks that the order be reversed because HRS sought only protective supervision for the child in her own home, and the court’s order exceeded that recommendation. We do not reach the questions raised in this appeal by HRS because we find the order appealed not sustainable in any respect because of the manner in which the adjudicatory hearing was conducted.
A petition was filed alleging A. Z. was a dependent child because of excessive truancy and the apparent inability of her mother *935 to control her. The final hearing was set, and the mother and child appeared. Neither was represented by counsel, nor were they told of their rights to be represented. Section 39.406, Florida Statutes (1979), requires the court to advise the child or parent, prior to an adjudicatory hearing, of the right to counsel. Contrary to this statute, the court did not ask them if they wanted to be represented, nor did it offer to appoint counsel if they could not afford to retain their own attorney. Nor was the state represented by counsel.[1]
The Florida Department of Health & Rehabilitative Services submitted various reports concerning A. Z. and her family to the court, including school records. No copies were furnished to the mother and child prior to the hearing; nor were they given a chance to review them at the hearing. The court used the materials in formulating its decision, and asked questions, based on the documents. The written materials, however, were not identified, authenticated, nor placed in evidence. A. Z., and her mother testified, as did a visiting teacher and an HRS counselor. Another HRS counselor and another visiting teacher were present, but they did not testify. No one was placed under oath, and the hearing was conducted by the court’s asking questions. The child and her mother were not given an opportunity to ask the other witnesses any questions. The hearing concluded in approximately ten minutes.
This adjudicatory “hearing” violated almost every principal of due process under the United States and Florida Constitutions,[2] as well as various provisions of chapter 39, Florida Statutes.[3] Dependency, adjudications must be conducted pursuant to the státute, and with regard for procedural and substantive due process. We echo the sentiments of the United States Supreme Court in Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972):
The court has frequently emphasized the importance of the family. The rights to conceive and to raise one’s children have been deemed ‘essential, basic civil rights of man; and rights far more precious than property rights.’ It is cardinal with us that the custody, care, and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligation the state can neither supply nor hinder. The integrity of the family unit has found protection in the Due Process clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment and the Ninth Amendment. (Citations omitted.)
Id. at 651, 92 S.Ct. at 1212.
We are aware of large case-load pressures on the juvenile courts in this state, and we are sympathetic. However we cannot tolerate such a perfunctory procedure as was conducted in this case. The order of the trial court and any subsequent orders based on it are vacated and reversed.
REVERSED.
CROSS, J., and BROWNLEE, JACKSON 0., Associate Judge, concur.

. For cohtested proceedings, the state must be represented by counsel. § 39.404, Fla.Stat. (1979). There may have been some confusion as to whether or not a “contested” proceeding was being held, but A. Z. and her mother clearly were objecting to the adjudication.

. U.S.Const. Amends. V, XIV; Art. I, § 9, Fla. Const. See In the Interest of Baby Boy S, 349 So.2d 774 (Fla. 2d DCA 1977); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1922); May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); In the Interest of C. P., 193 So.2d 33 (Fla. 3d DCA 1966); In the Interest of C. M. M., 364 So.2d 788 (Fla. 1st DCA 1978); Hill v. Sadler, 186 So.2d 52 (Fla. 2d DCA 1966); In Re Brown, 246 So.2d 166 (Fla. 3d DCA 1971).

. Some procedural safeguards set out in chapter 39, Florida Statutes (1979), are:
(1) The rule of evidence used in civil cases is to be applied in adjudicatory hearings, § 39.-408(1);
(2) A preponderance of evidence is required to establish dependency, ! 39.408(1);
(3) A child or parent shall be informed of the right to counsel, § 39.406;
(4) The adjudicatory and disposition hearing are not to be held together without the prior consent of the parent, § 39.408(2);
(5) Parties are entitled to procedures to insure a fair hearing, § 39.001(2)(d).