A petition was filed in the Juvenile Court pursuant to LSA-C.J.P. Art. 13(14) alleging that respondents’ six children were in need of care, and neglected/dependent under LSA-R.S. 13:1569(16). The mother, respondent, filed a motion for discovery of material contained in the files of the Office of Human Development (OHD) pursuant to LSA-C.J.P. Art. 60 and LSA-R.S. 46:56(F)(1). The OHD opposed the requested discovery and the juvenile judge held that the mother was entitled to her requested discovery based upon the constitutional doctrine of “fundamental fairness” via LSA-C.J.P. Art. 60 and LSA-R.S. 46:56.
Two issues are presented here:
1) Whether the OHD is a “probation officer” entitling a parent to discovery under LSA-C.J.P. Art. 60.
2) Whether the failure of LSA-R.S. 46:56(F)(1) to allow counsel for a parent access to the case files of OHD denies that parent due process and equal protection under the United States and Louisiana Constitutions.

DISCOVERY UNDER LSA-C.J.P. ARTICLE 60

Article 60 of the Code of Juvenile Procedure allows discovery “upon written motion of counsel for the parents” in cases where children are alleged to be in “need of care”. Discovery is directed to the district attorney and the probation officer.
It’s respondent’s contention that the “probation officer” in the statute and the Louisiana Office of Human Development are synonymous and therefore discovery should be permitted against the OHD.
We feel respondent’s position is erroneous in view of LSA-R.S. 46:1906 which provides that probationary functions are to be performed by the Division of Youth Services. Further, LSA-R.S. 46:1256 creates a Juvenile Probation Service under the jurisdiction of the Department of Health and Human Resources.
We are mindful of the necessity for confidentiality in sensitive cases of this nature. Experience shows that much of the data gathered comes from sources close to the family, such as clergy and neighbors, and oftentimes, from one of the parents. The need for secrecy of the source is obvious and if revealed could cause more harm than good.
We therefore conclude that the juvenile judge erred in determining that the Office of Human Development is a “probation officer” under LSA-C.J.P. Art. 60 and LSA-R.S. 14:403.

DISCOVERY UNDER LSA-R.S. 46:56(F)(1)

LSA-R.S. 46:56 provides the cloak of “confidentiality” under which the OHD functions. However, Subsection (F)(1) allows for “case records of children in abuse and neglect and foster care cases to be reviewed by attorneys who are appointed by a court of juvenile jurisdiction to represent the sole interest of the children”. There is no provision therein which permits counsel for the parent(s) to review the files of the OHD. Respondent contends that this is a disparity which denies a parent due process and equal protection in neglected child proceedings.
*535 Equal protection of the law is mandated by the Fourteenth Amendment to the United States Constitution and requires uniform treatment of all persons standing in the same relation to the 'governmental action questioned or challenged. We agree with relators’ argument that to violate due process there must be an absence of appropriate governmental interest to be furthered by the differentiation. A legislative classification, such as here, must be sustained unless it is “patently arbitrary and bears no rational relationship to a legitimate governmental interest”. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). The equal protection clause is offended only if the statutory classification rests on grounds wholly irrelevant to achievement of the state’s valid objective. Holt v. City of Tuscaloosa, 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978).
Certainly Louisiana has a legitimate interest in the protection of its children. Providing differential treatment between the juvenile (who is a party to this litigation) and a parent does not violate equal protection because the legitimate state interest concerns the welfare of the juvenile. The very nature of a juvenile requires that they be given a greater degree of protection by law than the parent.
The juvenile judge, in his well-articulated reasons, cited three U.S. Supreme Court cases. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; In the Matter of Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647. However, each of these cases are concerned with juvenile delinquency and are quasi-criminal and do not deal with neglect or alleged abuse. Nevertheless, this trilogy of cases was the juvenile court’s foundation to formulate the doctrine of “fundamental fairness”. However, “fundamental fairness” is not all-encompassing and does not require abandonment of appropriate statutes which fairly govern the administration of justice in our juvenile court system. Finally, “fundamental fairness” evolved in an effort to protect the juvenile, and open file discovery in favor of a parent does not mean that this doctrine will be enhanced.
Accordingly, we grant mandamus and order that the trial court vacate its judgment dated January 19, 1981 ordering discovery of information in the possession of the Office of Human Development in favor of respondent.

MANDAMUS GRANTED.