407 So.2d 707 (1981)
STATE of Louisiana In the Interest of Frank DELCUZE, et al.
STATE of Louisiana In the Interest of Lilanne BORDELON.
Nos. 81-C-1267, 81-C-1802.
Supreme Court of Louisiana.
December 14, 1981.
*708 Steven Scheckman, New Orleans, for defendant-applicant in No. 81-C-1267.
Thomas W. Tucker and Robert D. Hoffman, Jr., for plaintiff-respondent in No. 81-C-1267.
Bradley N. Gater, New Orleans, amicus curiae in No. 81-C-1267.
Robert W. Lea and Robert B. Schambach, Metairie, for defendant-relator in No. 81-C-1802.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, William Credo, Asst. Dist. Attys., Jerome Friedman, Bruce Dinwiddie, Metairie, for plaintiff-respondent in No. 81-C-1802.
WATSON, Justice.
These juvenile matters involve state action against parents based on allegations that their children are in need of care and/or neglected. Being contested is the parents' right to the children's custody. The cases were consolidated because of two common issues: (1) Whether the Office of Human Development, Department of Health and Human Resources, constitutes a "probation officer" as that term is defined in Code of Juvenile Procedure Article 60;[1] and (2) Whether the parents have a constitutional right to discover information in the case files of the Office of Human Development, despite the prohibitions in LSA-R.S. 46:56(A) and (F).[2]

*709 I. DELCUZE[3]
Elizabeth Blankenship's six minor children were placed in the custody of the Office of Human Development. After a hearing, the juvenile court maintained custody of five of the children with the O.H.D. pending trial. The children were alleged to be in need of care and neglected. Ms. Blankenship moved to discover information from the files of O.H.D. under LSA-C.J.P. art. 60 and other information under LSA-R.S. 46:56(F)(1).
When children are alleged to be in need of care, the court may permit parents' counsel to inspect reports in the possession or control of the district attorney or probation officer under LSA-C.J.P. art. 60. An attorney appointed to represent the "sole interest of the children" can review O.H.D. case records in neglect cases under LSA-R.S. 46:56(F)(1).
The juvenile court decided that the mother was entitled to discovery from O.H.D. because of "fundamental fairness". (Tr. 47) The court noted:
"Granted that O.H.D. is guided by the highest of motives, it may nonetheless neglect, refuse, or be unwilling to provide the district attorney with material discoverable under C.J.P. Article 60. This would certainly arise where matters of an exculpatory nature are the issue. It is difficult sometimes for agency social workers, not experienced in law, to know what is or is not exculpatory, and only the attorney for the parent or the child, having reasonable access to such data can and should make such a determination...." (Tr. 48)
O.H.D. was declared to be a "probation officer" within the meaning of Article 60. Because "[f]amily integrity is a constitutionally protected fundamental liberty interest", the parent's attorney was allowed the same discovery under LSA-R.S. 46:56(F)(1) given a child's attorney.
The Court of Appeal vacated the ruling, holding that O.H.D. is not a "probation officer" and only the child's attorney is entitled to discovery under LSA-R.S. 46:56(F)(1). State, Etc. v. Office of Human Development, 397 So.2d 533 (La.App. 4 Cir. 1981). A writ was granted to review the mandamus granted by the Court of Appeal. 401 So.2d 980 (La., 1981).

II. BORDELON[4]
The state alleged that the minor, Lilanne Bordelon, was in need of care, but an informal adjustment agreement was made. Contending that the mother was not complying *710 with the agreement, the state then asked the mother to show cause why she should not cooperate with O.H.D. Counsel for Ms. Bordelon attempted to take the deposition of the social worker and subpoena the O.H.D. case file. The juvenile court quashed the deposition and discovery as beyond the scope of C.J.P. Article 60 and indicated that the Office of Human Development is not a probation officer. A writ was granted to review the ruling. 401 So.2d 980 (La., 1981).
The Code of Civil Procedure governs all matters not covered in the Juvenile Code, but C.J.P. art. 60 provides for discovery in juvenile matters. A deposition is not a permissible method of discovery under Article 60; therefore, the juvenile court was correct in not allowing the deposition of the social worker.

III. Is O.H.D. a "Probation Officer"?
Code of Juvenile Procedure art. 13(18) defines "Probation Officer" as "a representative of the agency providing supervision services to a court exercising juvenile jurisdiction" and "any person designated by the court to serve as the court's probation officer." The juvenile court in Delcuze pointed out that the Office of Human Development provides supervision services to children in need of care for all courts exercising juvenile jurisdiction and noted: "[t]here is no doubt whatsoever that in the Orleans Parish Juvenile Court O.H.D. is the agency which provides supervision services to the court in children in need of care cases. In fact O.H.D. recommends in every case where supervision is indicated that supervision be under O.H.D.". (Tr. 49) LSA-R.S. 13:1569(10) provides for protective supervision in neglect cases when a child is permitted to remain at home. LSA-R.S. 13:1569(32) provides for "Aftercare supervision" when a child in a neglect case is permitted to return home "under supervision of the agency providing supervision services to the juvenile court." Thus, the Office of Human Development serves as a probation officer in that it furnishes supervision services to courts exercising juvenile jurisdiction. The juvenile court in Delcuze correctly found that the Office of Human Development serves as a probation officer within the statutory definition.

IV. The Constitutional Issue
The family unit has a right to be protected against unwarranted intrusion by the state. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). A parent's interest in a decision which may terminate his or her parental status is a "commanding one". Lassiter v. Department of Soc.Serv. of Durham County, __ U.S. ___ at ___, 101 S.Ct. 2153 at 2160, 68 L.Ed.2d 640 (1981). Due process "...expresses the requirement of `fundamental fairness'." Lassiter, supra, __ U.S. at __, 101 S.Ct. at 2158. In this situation, fundamental fairness requires that "... the reports and records of the state compiled during the investigation should be available to the parents so that they may be fully apprised of the nature of any accusation to be made by the state. Due process requires no less. A state may deny the parents access to the records concerning their family only where the source must remain confidential or where there has been a judicial determination of the need for confidentiality in an adversary proceeding." Sims v. State Depart. of Public Welfare, Etc., 438 F.Supp. 1179 at 1191 (Tex.1977). Reversed on other grounds, Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). While Sims was reversed under the abstention doctrine, the expression of the requirements of due process cannot be improved. The records of the Office of Human Development must be available to afford parents' counsel the opportunity for "examination, criticism and refutation." Kent v. United States, 383 U.S. 541 at 563, 86 S.Ct. 1045 at 1058, 16 L.Ed.2d 84 at 98. As in C.J.P. art. 60 discovery, the juvenile court may limit examination of the case records upon a written motion showing good cause for a particular restriction in a given case. To the extent that LSA-R.S. 46:56(F)(1) prohibits the parents from discovering any of the contents of the case *711 records of the Department of Health and Human Resources, it denies the parents due process of law. Therefore, the statutory prohibition must yield to the constitutionally protected interest of those asserting their parental status.

DECREES

STATE IN THE INTEREST OF FRANK DELCUZE, ET AL
For the foregoing reasons, the judgment of the Court of Appeal is reversed; the judgment of the juvenile court is reinstated; and the matter is remanded for further proceedings.
REVERSED AND REMANDED

STATE IN THE INTEREST OF LILANNE BORDELON
For the foregoing reasons, the ruling of the juvenile court is affirmed as to the deposition but reversed as to the case file of the Office of Human Development, Department of Health and Human Resources; the matter is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs with reasons.
BLANCHE, J., dissents and hands down reasons.
LEMMON, J., concurs and will assign reasons.
MARCUS, Justice (dissenting).
I concur in the majority opinion in not allowing the deposition of a social worker. I disagree with the majority's finding that the Office of Human Development is a "probation officer" within the statutory definition. I also disagree with the majority's conclusion that La.R.S. 46:56(F)(1) is unconstitutional to the extent that it prohibits parents from discovering the contents of the case records of the Department of Health and Human Resources. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
This is a criminal prosecution against parents based on the allegation that their children have been neglected by them and are in need of care. The records of the Office of Human Development, Department of Health and Human Resources, are prepared and maintained by that agency in child protection cases and contain extremely sensitive and confidential information. It would seem to this writer that, inasmuch as it is the District Attorney who is prosecuting the parent, his files, rather than the files of the Office of Human Development, would be pertinent to the defense, and the information in the O.H.D. files would be irrelevant.
Most assuredly, the O.H.D. will only furnish the District Attorney with information in its files which is pertinent to his prosecution, and the defendant would not have a right of discovery of the information in the District Attorney's file. It is unreasonable to stretch the definition of "Probation Officer" to include the O.H.D. in order to give a defendant discovery in a criminal proceeding where the O.H.D. has furnished the District Attorney all of the information needed for the prosecution. Article 60 of the Code of Juvenile Procedure does not permit a parent to review the files of the O.H.D., and that rule was designed for the protection of the child as well as the informants.
DENNIS, Justice, concurring.
I respectfully concur. While I agree that due process requires that parents be fully apprised of the nature of any accusation to be made by the state, I nevertheless think that the state's interest in encouraging neighbors and friends to report instances of neglect or abuse may outweigh the parents' right to know the identity of the complainants. This strong state interest was recognized by the legislature when it provided, in La.R.S. 46:56(F)(1), that, "in no instance shall the name or identifying information regarding a complainant in neglect and abuse cases ... be subject to such review."
NOTES
[1] LSA-C.J.P. art. 60 provides:

"A. In proceedings in which children are alleged to be in need of supervision or in need of care, upon written motion of counsel for the child or his parents, the court may order the district attorney or probation officer to permit counsel to inspect:
"(1) Reports of investigation in the possession or control of the district attorney or the probation officer; and
"(2) Reports of evaluations or tests pertaining to the child in the possession or control of the district attorney or the probation officer.
"The court shall order the district attorney or probation officer to permit counsel to inspect and copy any physical evidence, documents or photographs which the state intends to offer into evidence at the adjudication hearing.
"B. The court may limit, modify, or restrict its order upon written motion showing good cause. Such showing may be made ex parte if the interests of justice so require.
"If the court restricts, limits or modifies its order, the written motion showing good cause may be sealed and shall be placed in the record of the proceedings.
"C. If counsel for the child or his parents is granted relief under Paragraph A, the court may condition that order upon reciprocal discovery by the state.
"D. The court shall not order the production or inspection of any part of a writing that reflects the mental impression, conclusions, or theories of an attorney."
[2] The pertinent parts of LSA-R.S. 46:56 are Sections (A) and (F) as follows:

"A. Applications for assistance and information contained in case records of clients of the Department of Health and Human Resources shall be confidential and, except as otherwise provided, it shall be unlawful for any person to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of applications or client case records or the information contained therein for any purpose not directly connected with the administration of the programs of the department.
* * * * * *
"F. The following information shall not be subject to waiver and shall not be released to applicants, recipients, or outside sources, except those outside sources engaged in the administration of the programs of the department:
"(1) Records pertaining to foster care of children, investigations of abuse and neglect of children, and other child welfare services. For the purposes of this Paragraph, case records of children in abuse and neglect and foster care cases may be reviewed by attorneys who are appointed by a court of juvenile jurisdiction to represent the sole interest of the children. However, in no instance shall the name or identifying information regarding a complainant in neglect and abuse cases or the case records of the foster parents be subject to such review. The department may, however, provide foster parents all information from the department's records and from other records to which the department has access concerning a child in the foster home, and concerning the child's family, where such information is necessary for the foster parents to properly care for the child. The department may also provide surrogate parents representing the special education interests of children in the department's custody with all information from the department's records and from other records to which the department has access where such information is necessary for the surrogate parents to properly advocate for the children.
"(2) Information furnished to the department by persons, governmental agencies, or other legal entities when such furnisher of information is subject to a confidentiality statute or regulation which prohibits release of such information to an outside source, and
"(3) Information contained in applications for assistance and case records that is furnished to law enforcement agencies or courts to aid in the prosecution of criminal offenses related to any program.
"(4) For the purpose of this Subsection, those outside sources engaged in the administration of the department's program shall be local child service agencies, including but not limited to hospitals, clinics, and schools, and agencies in other states cooperating in the exchange of reports to effect a national registration system."
[3] State of Louisiana in the Interest of Frank Delcuze, Docket No. 81-C-1267.
[4] State in the Interest of Lilanne Bordelon, Docket No. 81-C-1802.