419 So.2d 918 (1982)
Susan Perry HARGRAVE
v.
John and Juanita Istre GASPARD. (Two cases)
Nos. 82-C-1065, 82-C-1359.
Supreme Court of Louisiana.
September 7, 1982.
*919 Patricia A. Thomas, Roger E. Boynton, Roger C. Edwards, Ltd., Abbeville, for relator in No. 82-C-1065.
Anthony J. Fontana, Jr., Theall & Fontana, Bernard F. Duhon, Albert L. Boudreau, Jr., Abbeville, for respondents in No. 82-C-1065.
Anthony J. Fontana, Jr., Theall & Fontana, Abbeville, for relator in No. 82-C-1359.
Albert L. Boudreau, Jr., Bernard F. Duhon, Roger E. Boynton, Roger C. Edwards, Ltd., Patricia A. Thomas, Abbeville, for respondent in No. 82-C-1359.
MARCUS, Justice.
Susan Perry Hargrave, as mother of the minor child, Rogina Frances Hargrave, is opposing the adoption of her child by John Gaspard and his wife, Juanita Marie Istre Gaspard. Larry Perry, maternal uncle of the child, and his wife, Nancy Gail Perry, are seeking to intervene to oppose the adoption of the child by the Gaspards and to be appointed legal custodians of the child.

HISTORY
The history of this case, while not long in duration, has been complex and involved. On April 28, 1981, three months after the birth of Rogina, Mrs. Hargrave, legally separated from her husband, executed an authentic act of voluntary surrender of custody of her child to the Gaspards.[1] On May 12, 1981, on motion of the state alleging that Mrs. Hargrave had attempted to sell her child to the Gaspards, the court, finding the child in need of protection, ordered that the custody of the child be removed from Mrs. Hargrave and that temporary custody be placed in the state. On May 21, 1981, Mrs. Hargrave filed suit to annul the act of surrender executed by her on April 28, 1981, as not having been executed in accordance with the provisions of La.R.S. 9:422.3 and 9:422.4 in an attempt to regain custody of her child. Thereafter, on May 29, 1981, Mrs. Hargrave and her husband executed separate acts surrendering custody of their child to the Gaspards for private adoption. In accordance with these acts of surrender, the trial court allowed custody of the child to be returned to the Gaspards. On June 19, 1981, Mrs. Hargrave revoked her consent to the adoption of her child by the Gaspards. On June 22, 1981, Mrs. Hargrave *920 filed an application for habeas corpus seeking custody of her child so that she could be adopted by her blood relatives (the Perrys). A writ was issued ordering the Gaspards to produce the child before the court and to state their authority for custody of the child. Custody of the child was again placed with the state pending a hearing on the writ of habeas corpus. At the hearing on July 15, 1981, the trial judge gave the Gaspards ten days to institute adoption proceedings, referred the merits of the habeas corpus hearing to the adoption proceedings, and granted custody of the child to the Gaspards pending the adoption proceedings.
On July 21, 1981, the Gaspards filed a petition to adopt the child. In connection therewith, the judge ordered the Department of Health & Human Resources (DHHR) to study the proposed adoption and submit a confidential report of its findings to him. The Perrys also filed a petition to adopt the child; a confidential report was also ordered to be submitted in connection with their application. On September 9, 1981, Mrs. Hargrave filed a petition in opposition to the adoption of her child by the Gaspards. Thereafter, the petition of the Perrys to adopt the child was dismissed for lack of formal acts of surrender by both parents of the child. The Perrys then moved to intervene in the adoption proceedings of the Gaspards.
After a hearing on February 22, 1982, the trial court ruled that the Perrys could intervene in opposition to the adoption of the child by the Gaspards. The court further ruled that the confidential report submitted on the Perrys would be admissible as evidence at trial and that the Gaspards were entitled to access to the confidential reports submitted on the Gaspards and the Perrys. All parties applied for writs to the court of appeal. On March 30, 1982, on application of Mrs. Hargrave and the Perrys, the court of appeal reversed the ruling of the trial court allowing the Gaspards access to the confidential report on the Perrys but affirmed the ruling allowing the Gaspards access to the confidential report on themselves.[2] On the same day, the court of appeal, on application of the Gaspards, reversed the ruling of the trial court allowing the Perrys to intervene and dismissed their intervention.[3] Mrs. Hargrave and the Perrys applied to this court for writs. While the application was pending, the trial court, on May 10, 1982, granted the motion of the state to remove custody of the child from the Gaspards and place it with the state. The state placed custody of the child with the Perrys as an approved foster home meeting DHHR guidelines. On May 28, 1982, we granted the application of Mrs. Hargrave and the Perrys to review the rulings of the court of appeal.[4] On June 4, 1982, we granted the application of the Gaspards to review the February 22 ruling of the trial court that the confidential report on the Perrys would be admissible in evidence and the May 10 ruling of the trial court removing custody of the child from the Gaspards and placing it with the state.[5] The applications were consolidated for hearing.

ISSUES
The following issues are presented for our determination: (1) whether the Gaspards are entitled to access to the confidential report submitted on them; (2) whether the Perrys should be allowed to intervene in the adoption proceedings by the Gaspards; (3) whether the confidential report submitted on the Perrys should be considered in these adoption proceedings and, if so, whether the Gaspards should have access to it; and (4) whether custody of the child was properly removed from the Gaspards and placed with the state on May 10, 1982.

ACCESSIBILITY OF THE CONFIDENTIAL REPORTS
Adoption is a privilege which exists only where expressly granted by statute *921 and is subject to statutory restrictions and exceptions. The adoption of minors under seventeen years of age is governed by La. R.S. 9:421 et seq. The statutory scheme requires that DHHR study the proposed adoption and submit a confidential report of its findings to the judge. La.R.S. 9:427. La.R.S. 9:437(A) unequivocally states that "[n]o one except the judge presiding in the case, or his successor, shall have access to the confidential report rendered to the judge by the department" and allows the court to punish for contempt anyone violating this provision. In addition, the judge is given the discretion to destroy the confidential reports following the final disposition of the case. La.R.S. 9:437(B).[6]
Despite the legislative mandate of confidentiality, the Gaspards relying primarily on State in the Interest of Delcuze, 407 So.2d 707 (La.1981), contend that they should be allowed access to the pre-adoptive report on them. In Delcuze, the state brought an action to remove the custody of children from their parents on allegations that the children were in need of care and/or neglected. The parents wanted to discover information in the case files of DHHR under C.J.P. art. 60 which allows discovery in neglect cases of reports in the possession or control of the district attorney or probation officer. La.R.S. 46:56, however, mandated that the records in neglect cases were to be kept confidential. This court held that DHHR was a probation officer within the meaning of C.J.P. art. 60 and that due process required that the statutory requirement of confidentiality must yield to the constitutionally-protected interest of those asserting their parental status.[7]
In the instant case, there is no provision allowing discovery of pre-adoptive reports in possession of the presiding judge. Moreover, the Gaspards do not enjoy a constitutionally-protected parental status but are merely asserting their statutory privilege of adoption. The state's interest in preventing access to the pre-adoptive reports is a result of the extremely sensitive and confidential information contained therein and the desire to protect the child as well as the identity of the informants. The Gaspards have not asserted any constitutionally-protected right which outweighs this interest. We do not consider that due process requires the Gaspards to have access to the confidential report on them. Their protection against adverse information in the report is the close scrutiny and evaluation thereof by the trial judge. A supplemental report or further verification of the information may be ordered by the judge. Accordingly, we feel that the court of appeal erred in allowing the Gaspards access to the confidential report rendered to the judge by DHHR on them.

INTERVENTION
The adoption provisions of La.R.S. 9:421 et seq., contemplate that an interested party shall have the right to oppose the adoption of a child by any other party. La.R.S. 9:431 provides that at any time before entry of the final decree of adoption, the court for good cause may revoke its interlocutory decree either on its own motion or on the motion of the department or on the motion of the petitioner or "any person interested in the child." La.R.S. 9:438 allows any party to the proceedings or "any other party in interest" to appeal a judgment or decree rendered under these provisions. La.Code Civ.P. art. 1091 provides that a "third person having an interest" in a pending action may intervene to enforce a right related to or connected with the object of the pending case. Reading these provisions together, we conclude that a party in interest may intervene in adoption proceedings.
*922 In the instant case, the Perrys desire to intervene to oppose the adoption of the child by the Gaspards. The Perrys have expressed a desire to adopt the child themselves or to be appointed custodians of the child. Since Mr. Perry is a maternal uncle of the child sought to be adopted, he is a party in interest. In re Simon, 406 So.2d 266 (La.App. 3d Cir.1981). We consider that the Perrys are entitled to intervene in the adoption proceedings of the Gaspards. Accordingly, the court of appeal erred in dismissing the Perrys' intervention.

ADMISSIBILITY OF THE CONFIDENTIAL REPORT ON THE PERRYS
When a petition to adopt a child is filed pursuant to La.R.S. 9:421 et seq., DHHR is directed to study the proposed adoption and submit a confidential report of its findings to the judge. La.R.S. 9:427. The judge, upon examining the confidential report and upon the parties being interrogated, may grant or refuse to grant an interlocutory decree of adoption. La.R.S. 9:429. Clearly, under these provisions, the confidential reports prepared by DHHR are admissible evidence in the adoption proceedings.
In the instant case, both the Perrys and the Gaspards filed petitions to adopt the child in question. Confidential reports on both the Perrys and the Gaspards were submitted to the judge. Although the petition of the Perrys to adopt the child was dismissed, they have intervened in the present proceedings asking to be appointed custodians of the child. The report on them is highly relevant to this issue. We consider that the trial judge, in the best interest of the child, should be able to consider the confidential report on the Perrys as evidence in the instant proceedings. Hence, the trial judge did not err in ruling that the confidential report on the Perrys would be considered as evidence.
While the confidential report on the Perrys is to be considered by the trial judge, for the reasons hereinabove stated with respect to the accessibility of the confidential report on the Gaspards, we do not consider the Gaspards entitled to access to it. Hence, the ruling of the court of appeal denying the Gaspards access to the confidential report on the Perrys was correct.

CUSTODY
On July 15, 1981, the trial judge awarded custody of the child to the Gaspards pending the adoption proceedings. On May 10, 1982, on motion of the state, the judge ordered custody of the child to be removed from the Gaspards and placed with the state. The Gaspards moved for a new trial on this ruling. Pending a ruling by the trial court on that motion and without applying for writs to the court of appeal, the Gaspards applied to this court for writs. We granted that application on June 4, 1982. Subsequently, Mrs. Hargrave and the Perrys filed a motion in this court to dismiss that application on the ground of prematurity. In the interest of judicial economy, we consider this issue under our supervisory jurisdiction.
The Gaspards contend that the court removed custody of the child from them on the mistaken assumption that legal custody of the child was with the state and that the home of the Gaspards was not an approved foster home under DHHR guidelines. They argue that on July 15, 1981, the trial judge awarded legal custody of the child to them; hence, DHHR approval as a foster home was not necessary. While it is true that the court awarded custody of the child to the Gaspards on July 15, 1981, the court changed its custody order on May 10, 1982 on motion of the state. The court minutes reflect the following disposition of this matter by the court: "The Court recalled any order rendered by this Court in this matter which would impend the rights of the State. The Court further ordered that the State be given Custody and control of the minor child...." Once the court recalled any order interfering with the state's right to custody (including the order of July 15, 1981), the court was free to award custody to the state in the best interest of the child. The state, finding that the Perrys are relatives of the child and meet the DHHR requirements for a foster home, was authorized to place physical custody of the child with the Perrys. Accordingly, we do not consider that the trial judge erred in removing *923 the child from the custody of the Gaspards.

CONCLUSION
In sum, we conclude that the Gaspards are not entitled to access to the confidential report on them, that the Perrys are entitled to intervene, that the confidential report on the Perrys may be considered as evidence, that the Gaspards are not entitled to access to the confidential report on the Perrys, and that the custody of the child was properly removed from the Gaspards and placed with the state.

DECREE
For the reasons assigned, the rulings of the court of appeal allowing the Gaspards access to the confidential report submitted on them and denying the Perrys the right to intervene in the adoption proceedings of the Gaspards are reversed; the ruling of the court of appeal denying the Gaspards access to the confidential report on the Perrys is affirmed. The rulings of the trial court allowing consideration of the confidential report on the Perrys as evidence in these proceedings and removing custody of the child from the Gaspards and placing custody of the child in the state are affirmed. The case is remanded to the trial court for further proceedings in accordance with the views herein expressed.
DIXON, C.J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DIXON, C.J.
DIXON, Chief Justice (dissenting).
In my view due process requirements are not met when "confidential reports" concerning litigants and the merits of their causes are submitted to the judge, used as evidence and may be decisive in the litigation, without either litigant knowing the evidence for or against him.[1] The procedure may be permissible in some administrative proceedings, but it is foreign to any judicial proceeding except juvenile and Star Chamber proceedings. Calling adoption a "privilege" is not enough to abridge such a fundamental right as to be informed of the evidence in one's own lawsuit. Both parties should view the reports on themselves.
Therefore, I respectfully dissent.
NOTES
[1] It is stated in the act that, while her husband, Whitney Hargrave, Jr., is designated as the father of the child on the birth certificate, he is not the father of the child and he (Mr. Hargrave) has instituted proceedings to disavow the child.
[2] So.2d (La.App. 3d Cir. 1982).
[3] So.2d (La.App. 3d Cir. 1982).
[4] 414 So.2d 781 (La.1982).
[5] 414 So.2d 1256 (La.1982).
[6] Adoption proceedings as a whole are cloaked with confidentiality. See La.R.S. 9:437(C); La. R.S. 40:79; La.R.S. 46:56(G).
[7] Similarly, in State v. Underwood, 353 So.2d 1013 (La.1977), and its progeny, this court has held that due process requires a defendant in a criminal proceeding to be allowed an opportunity to rebut materially and prejudicially false information contained in a confidential pre-sentence report. In a criminal case, the defendant has a constitutionally-protected right against an excessive sentence.
[1] The general trend of the jurisprudence addressing the use of confidential reports in litigation is in favor of providing accessibility of these reports to the parties. Murray v. Murray, 220 So.2d 790 (La.App.1969), writ denied, 254 La. 290, 223 So.2d 411 (1969); LeBlanc v. LeBlanc, 194 So.2d 122 (La.App.1967); Kern v. Kern, 333 So.2d 17 (Fla.1976); Hill v. Hill, 371 So.2d 573 (Fla.Dist.Ct.App.1979); Hosking v. Hosking, 318 So.2d 559 (Fla.Dist.Ct.App.1975); McGuire v. McGuire, 140 So.2d 354 (Fla.Dist. Ct.App.1962); Mitchell v. Florida, 142 So.2d 740 (Fla.Dist.Ct.App.1962); Oltmanns v. Oltmanns, 265 Minn. 377, 121 N.W.2d 779 (1963); Malone v. Malone, 591 P.2d 296 (Okl.1979); Christensen v. Christensen, 85 S.D. 653, 190 N.W.2d 62 (1971); Utah v. Lance, 23 Utah 2d 407, 464 P.2d 395 (1970). The parties should be afforded the opportunity to review these reports to enable them to introduce evidence disclosing any inaccuracies or rebutting any conclusions or recommendations. Although most of the relevant cases concern child custody matters rather than adoption issues, analogies can be drawn since in both types of proceedings, the judge is primarily concerned with the best interests of the child. A recent adoption case discussing the appropriate notice of and access to investigative reports analogized the approach used in child custody cases, holding that procedural due process should apply in adoption proceedings just as in other types of legal proceedings. In the Interest of Baby Boy S., 349 So.2d 774 (Fla.Dist.Ct.App. 1977).