WELLS, Chief Judge.
D.J. appeals from an adjudication of delinquency claiming that the court below *1192 erred in admitting his school attendance record into evidence. While we agree that the court below erred in admitting this evidence without proper authentication, see § 90.901, Fla. Stat. (2010) (“Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”); A.Z. v. State, 383 So.2d 934, 935 (Fla. 5th DCA 1980) (reversing dependency determination where, among other errors, “[t]he court used the materials [including school records] in formulating its decision ... [that] were not identified, [nor] authenticated”), we affirm because a review of the record confirms the error harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).