NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JWC 14-347

STATE OF LOUISIANA

IN THE INTEREST OF

T. P.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. J-2098-2013-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**WRIT DENIED.**

**Asa Allen Skinner**
**District Attorney**
**Thirtieth Judicial District Court**
**Terry Wayne Lambright**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR RESPONDENT:**
    **State of Louisiana**

**Misty Dawn Smith**
**Dowden & Hicks, L.L.C.**
**116 E. Lula Street**
**Leesville, LA 71446**
**(337) 238-2800**
**COUNSEL FOR APPLICANTS:**
    **J. P.**
    **R. P.**

**Wesley Ryan Bailey**
**Attorney at Law**
**609 S. 4th Street**
**Leesville, LA 71496**
**(337) 404-7716**
**COUNSEL FOR RESPONDENT:**
    **T. P.**

**EZELL, Judge.**

J.P. and R.P., the parents of a child subject to the "child-in-need-of-care" proceedings, seek supervisory writs from the ruling of the trial court denying the parents' motion for inspection and discovery. For the following reasons, we deny the writ.

On November 7, 2013, the State received a report alleging sexual abuse of a fourteen-year-old female, T.P., by her adoptive father, J.P. No details of the abuse were given at that time. On November 12, 2013, the Department of Child and Family Services (DCFS) sought and received an instanter order placing T.P. in state custody. T.P. was subsequently interviewed and alleged that, several years prior, J.P., on separate occasions, touched her vagina and sucked on her breast. The interview was video-recorded and, subsequently, the audio portion of the interview was transcribed. J.P. has denied these allegations, but he and R.P. stipulated that T.P. should remain in the custody of DCFS.

J.P. and R.P. filed a motion for inspection and discovery seeking to obtain a physical copy of the transcript of the child's videotaped interview. According to the parents, the excerpts of this transcript contained in the child-in-need-of-care petition include some verifiable fallacies. The trial court denied the motion, ruling that good cause had not been shown that inspection of the transcript by the parents' attorney would be insufficient. From that decision, J.P. and R.P. seek this writ.

In this writ application, the parents assert that granting their attorney an opportunity to review the transcript is insufficient because the attorney does not know sufficient details of the life of this family to be able to identify any allegedly false statements. They claim that at least one such statement has been made in the child-in-need-of-care petition, as they claim the child was not in their care at the

1

time the child was allegedly inappropriately touched. The parents assert that they need to review the transcript in order to properly defend the allegations of abuse. Moreover, according to the parents, the trial court violated their due process rights by denying them the right to have a copy of the transcript.

"Appellate courts generally will not exercise . . . [supervisory] jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy." *Borrel's, Inc. v. City of Marksville,* 05-48, p. 1 (La.App. 3 Cir. 6/1/05), 904 So.2d 938, 939 (citing *Stevens v. Patterson Menhaden Corp.*, 191 So.2d 692 (La.App. 1 Cir. 1966), *writ refused*, 193 So.2d 524 (1967)).

Louisiana Children's Code Article 652 (emphasis added) (footnote omitted) states:

> A. At any stage of the proceeding, upon written motion of counsel for the child or his parent, the court may order the district attorney or the department to permit counsel to inspect:
>
> (1) Reports of investigation in the possession or control of the district attorney or the department.
>
> (2) Reports of evaluations or tests pertaining to the child in the possession or control of the district attorney or the department.
>
> (3) The case records maintained by the department pertaining to the child and the parent, except information otherwise protected under R.S. 46:56 or by restrictive order pursuant to Article 653.
>
> (4) Any videotape of a protected person made in compliance with Chapter 8 of Title III which is in the possession or control of the district attorney.
>
> . . . .
>
> C. At any stage of the proceeding, upon written motion of counsel for the child or his parent, the district attorney, or the department, and after a contradictory hearing **and a showing of good cause,** unless all parties agree, the court shall order the other party to permit counsel to obtain discovery not provided for in Paragraphs A and B of this Article regarding any matter, not privileged, including

but not limited to attorney-client privilege or information not otherwise protected under R.S. 46:56 and 2124.1 or by restrictive order pursuant to Article 653, which is relevant to the subject matter involved in the adjudication hearing including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of a person having knowledge of any discoverable matter. It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The parents cite *State in Interest of Delcuze*, 407 So.2d 707 (La.1981), for the proposition that mere inspection of the transcript somehow violates their due process rights. However, that case was decided before the enactment of La.Ch.Code art. 652, which we find to be controlling.[1]

Under the clear language of Louisiana Children's Code Article 652(A), the trial court could only order that the parents be allowed to "inspect" the transcript. However, they may be allowed "to obtain discovery not provided for in [Paragraph A]," after a contradictory hearing and good cause shown under La.Ch.Code art. 652(C). This would cover the physical copy of the transcript they now seek if good cause was shown.

A contradictory hearing was held in this matter, and the trial court determined that no good cause was shown that possession of a physical transcript by the parents was required or otherwise material for the parents to mount their defense. Counsel for the parents has yet to inspect the transcript in any way, despite that option being freely offered by the State. Counsel is free to read that transcript, take notes, and otherwise summarize the entirety of the transcript, including any contentious points, on behalf of her clients for them to rebut in the

---

[1] Since *Delcuze*, the statutes applicable to child-in-need-of-care proceedings have been significantly amended: what used to be in the Code of Juvenile Procedure is now in the Children's Code. Section (C), as written in La.Ch.Code art. 652, did not appear in the predecessor article. Furthermore, there is language in the current version of La.R.S. 46:56(F)(1) that did not exist at the time of the supreme court's opinion.

proceedings to come. In the scant record before this court, we can find nothing which proves the trial court's decision to be error.

For the above reasons, we hereby deny the writ.

**WRIT DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2–16.3.